Vignie vs. Brady and Charpaux.

---

## No. 8822.

### J. E. VIGNIE VS. JULES BRADY AND F. CHARPAUX.

It is not necessary that the principals to an appeal bond should sign it. When it is signed by another, not a party to the suit and not a witness to the signatures, he will be held to have signed it as surety, although his name is not set out in the body of the bond.

Parol testimony is admissible to prove a mistake in the description of lands set out in a deed of conveyance, where error is alleged, and even to shew that a tract of land described therein was not sold, or intended to be conveyed by the deed.

APPEAL from the Eighteenth District Court, Parish of St. Tammany. *Thompson, J.*

---

*Ellis & Ellis* and *H. D. Ogden* for Plaintiff and Appellee.

*W. B. Lancaster* and *E. Sabourin* for Defendants and Appellants.

---

ON MOTION TO DISMISS.

The opinion of the Court was delivered by

MANNING, J. The appeal is by defendants, and their bond recites that they are "bound *in solido* as principals and as sureties." It is not

signed by Charpaux, nor need it be as a principal. It is signed by Brady per his attorney of record, and that is sufficient as a principal.

The motion is on the ground that these parties are set out in the bond as sureties as well as principals, and there is no name of any other surety in the body of the bond.

There is another signature at the bottom beneath Brady's, viz: J. Cahier. It is in the place where a surety signs. He does not sign as a witness. There are two witnesses to the instrument, and besides he has the L. S. immediately after his signature. No one but an obligor puts his name at the locus sigilli.

The point has been settled by the Succession of Lyons, unreported, and Coyle vs. Suc. Creevy, 34 Ann. 541.

The motion is refused.

### On the Merits.

The plaintiff Vignie executed to F. Charpaux an act of sale of the lands in controversy February 19th, 1871. Charpaux appears in the act as vendee, but he was really buying for Brady, to whom he transferred the title afterwards. The lands are in three tracts.

1. The Jeffersonville or Liberty Mill tract on the Tchefuncta river, described by boundaries, and quantity not stated. Brady's description of it for the assessment roll of 1877 states 2840 acres fronting the Tchefuncta river, formerly the Liberty Mill tract.

2. The Abita tract, 422 acres.

3. A larger tract on the Abita river, described by designation of range, township, etc., from seven to nine miles distant from the first tract, containing 2508 acres.

Vignie alleges that he intended to sell, and Brady to buy, only the first two tracts, and that the third was included in the written sale through error of the draftsman of the deed. This suit is to recover the third tract.

It may be mentioned here that Mrs. Fortier was part owner with Vignie, although the title was in Vignie alone.

The case turns upon the right to introduce parol testimony to explain and vary the written title, the defendants objecting to it on the familiar ground.

It is a universal rule of jurisprudence that parol testimony is admissible to defeat written contracts when fraud is alleged, and error is often akin to fraud. The rule was applied in Palangue vs. Guesnon, 15 La. 311, where the error complained of was a mistake in the description of a lot in this city, and the previous decisions of this Court and other authorities are there cited. Ibid, 313. The same doctrine

71

·was approved in .Williams vs. Vance, 2 Ann. 909. In Robert vs. Bou-
lay, 9 Ann. 29, parol proof was admitted to shew·that the name of the
vendee in the deed was an error, and in Fleming. vs. Scott, 26 Ann.
545, the error was identical with that here, a misdescription of lands.
The distinction drawn in such cases is that the attempt is not to prove
by parol a sale of immovable property, nor to contradict a valid exist-
ing written instrument, but to shew that the instrument does not
express the meaning and intention of the contracting parties. Levy
vs. Ward, 33 Ann. 1033.

The parol testimony being admitted, there can be no doubt of the
real intention of the parties. Vignie has listed the third tract for tax-
ation as his own ever since the sale of 1871, and Brady did the same
for the first two tracts even down to 1882, and did not list the third
tract. Maille, the agent of Vignie, states as a witness on the trial in
1882 that he applied to Brady to renounce ownership of the third
tract, and shewed him that it was included in the land described in
his deed—read the deed to him—but Brady doubted if Maille was
reading from the deed, or reading it correctly, and said he had never
claimed title to any land under Vignie's deed but the Jeffersonville
and small Abita tract, and when pressed to sign the paper to that
effect, answered that he could not renounce title to land that he had
not bought, and never claimed to own. Brady's testimony is very
meagre and unsatisfactory, and is said to be so because of extreme
illness when it was given in his bedchamber.

The District Judge reviews the testimony with care, and had no
doubt upon the subject, nor have we.

Judgment affirmed.

Rehearing refused.