CRAIS v. CASTAING

(February 14, 1927. Motion to Dismiss Appeal Denied.)
(March 28, 1927. Opinion and Decree.)
(April 21, 1927. Rehearing Refused.)

(*Syllabus by the Court*)

ON MOTION TO DISMISS APPEAL

1. **Louisiana Digest—Courts—Par. 128.**
In a suit to correct a deed, where the value of the strip of land in dispute is two hundred and fifty dollars, this court has jurisdiction of the appeal.

ON THE MERITS

2. **Louisiana Digest—Pleading—Par. 62, 71.**
In passing on an exception of no cause of action all allegations of fact contained in the petition must be taken as true.

3. **Louisiana Digest—Error and Mistake— Par. 15, 16.**
An error in the description of real estate contained in an act of sale can always be corrected, as between the parties, by an action to reform the instrument.

Appeal from Civil District Court, Division "F". Hon. Percy Saint, Judge.

Action by Wm. C. Crais and Union Homestead Assn. against Armand J. Cas-

taing and Homeseekers' Building and Loan Association.

There was judgment for defendant and plaintiff appealed.

Huddleston Kenner, of New Orleans, attorney for plaintiff, appellant.

D. V. Doussan; P. L. Fourchy; Legier, McEnerny & Waguespack, of New Orleans, attorneys for defendant, appellee.

ON MOTION TO DISMISS APPEAL

JONES, J. Plaintiffs filed this suit to correct the description of two lots sold so as to make the frontage approximately seventy feet instead of seventy-four feet.

Plaintiffs aver that the selling price of the entire portion was twenty-four hundred and 00-100 ($2400.00) dollars cash, and that plaintiffs were induced to sign the erroneous deed by fraud.

An exception of no cause of action was maintained by the lower court and appeal was taken to this court.

Plaintiffs' attorney filed with the transcript an affidavit made by him to the effect that the strip of land measuring four feet front on St. Bernard avenue by a depth of one hundred and forty-five feet, ownership and possession of which was the issue in this case, was worth two hundred and fifty and 00-100 ($250.00) dollars.

Appellee moves to dismiss the appeal on the ground that this is a suit to correct the deed to the entire property and that only the Supreme Court has jurisdiction.

In his brief on the motion to dismiss he quotes authorities to the effect that the test of jurisdiction in actions of boundary is the value of the strip included between the two contested lines; in an action "en

declaration de simulation" the test is the value of the property.

Plainly the authorities on the latter point are not applicable here because there is no allegation in the petition that the entire transfer is illegal and the allegation of fraud applies only to the transfer of the narrow strip. The prayer of the petition is that the deed may be corrected so as to describe the lots as having a *frontage of seventy feet* instead of *seventy-four feet*.

In deciding the question we must be guided by what the pleadings as a whole show and not by names or titles, by the essence rather than the appearance, for the form of transaction does not affect its nature.

Cox vs. First National Bank, 126 La. 88, 52 South. 227.

The pleadings here show that the entire controversy is as to the ownership and possession of a strip of land worth two hundred and fifty and 00-100 ($250.00) dollars, and we think that the principle applied by the Supreme Court in actions of boundary should govern.

In the case of Beatty vs. Sharp, 135 La. 250, 65 South. 232, the Supreme Court held:

"The value of the land, the possession and ownership of which will be affected by the establishment of the boundary, determines the jurisdiction of the court on appeal."

For the above reasons the motion to dismiss the appeal is denied.

---

## ON THE MERITS

JONES, J. This is a suit for reformation of a deed to certain lots in this city

on the ground that the description in plaintiff's deed to the Homeseekers' Building & Loan Association, of date July 8, 1921, was knowingly so drawn by the defendant Castaing (for whom the homestead was acting in its purchase) that plaintiff Crais sold approximately four feet frontage by a depth of one hundred and thirty-five feet more than he intended to sell.

Plaintiff, after alleging above facts and setting forth in detail the descriptions by which the homestead bought from Crais and the description which he had given in his verbal agreement with Castaing, states that Castaing well knew the location and true measurements of the property (which was encumbered with a mortgage in favor of the Union Homestead Assn.) and was released by said association under the belief that the act was properly drawn to correspond with the verbal agreement; that a month after the sale petitioner discovered the error, when Castaing claimed a portion of his driveway and began to move his fence four feet back.

Plaintiff then prays for a correction of the act of sale of July 8, 1921, so as to diminish the area of the lot sold by the above described portion of ground.

This petition was filed on October 5, 1921, and October 16, 1921, the Homeseekers' Building & Loan Association filed an exception of vagueness thereto.

On October 13, 1921, Castaing filed a similar exception. Apparently before these exceptions were tried, Castaing, on January 11, 1922, filed an additional exception of no cause of action. Then, on January 18, 1922, the Homeseekers' Building & Loan Association filed an answer alleging no cause of action and denying all the other allegations of the petition except that the act of sale was passed as alleged. Further

answering, respondent averred that it, without knowledge of the alleged oral agreement, purchased "for and on behalf of Castaing" the property from Crais on July 8, 1921, and that said act was read to Crais and he made no objection thereto.

On January 26, 1922, Castaing filed an answer exactly similar to that of his co-defendant, the Homeseekers' Association.

Apparently nothing further was done in the matter until May 11, 1923, when a supplemental petition was filed containing additional allegations as follows:

(1) That Castaing before agreeing to purchase went over the lots carefully with petitioner and fully understood that the four feet, part of Lot 8, fenced off from the remaining part of said lot, was not included in proposed sale.

(2) That a short time after this inspection by Castaing plaintiff furnished him with a sketch showing the exact location and dimensions of the property intended for sale and that Castaing, with this sketch in his possession, again inspected property with plaintiff, and was again particularly informed that the fenced in portion of Lot 8 would not be sold.

(3) That, notwithstanding this knowledge, Castaing told the notary employed by him to include the whole of Lot 8 in his description and the notary carried out his instructions.

(4) That in thus instructing the notary Castaing acted fraudulently.

(5) That on the day of sale the notary, having said he was pressed for time, that the description was correct and the act was drawn properly, he "affixed his signature" to the act in ignorance of the fact that the description was incorrect.

(6) That his signature was obtained by fraud and misrepresentation of Castaing and by the "false representation of notary".

He then prays for the same judgment as that sought in his original petition.

On May 21, 1923, the Homeseekers' Building & Loan Association answered the supplemental petition denying all fraud and misrepresentation and denying that the notary was acting for Castaing and averring that the act was drawn according to instructions of both Crais and Castaing; that it was read to all parties; that the property was immediately sold by it to Castaing and that the notary was the regular notary of the homestead and Castaing had nothing to do with this selection.

On May 28 Castaing filed exceptions to supplemental petition of vagueness, of change of issue and of no cause of action. On January 23, 1924, the exceptions filed by both defendants were maintained and suit dismissed.

In his reasons for judgment the learned judge says that it was unnecessary to pass upon the second exception because the first exceptions of no cause of action were well founded, as there was no allegation of fraud. From this judgment, plaintiff Crais has appealed.

As the first petition charged misrepresentation knowingly made by one defendant, and as our Supreme Court has frequently held that an error in description of property in an act of sale can always be corrected between the parties, we do not think the reasons of the trial judge well founded. See Fleming and Baldwin vs. Scott, 26 La. Ann. 545; Vignie vs. Bradie, 35 La. Ann. 561.

In argument and brief before this court, defendants make the point that the supplemental petition changes the issue and was, therefore, illegally filed, but with this contention we do not agree, because the amended document merely amplifies and details all the circumstances leading up to the error or fraud and winds up with the very same prayer for correction of the

deed. Thus in both petitions the issue remained the same, the recovery of the strip sold in error.

In both original and supplemental petitions plaintiffs fail to mention the resale to Castaing by the Homeseekers' Homestead Association, and this resale is only mentioned in the answer of that association to the supplemental petition.

Although this homestead is nowhere charged with fraud, misrepresentation or conspiracy, yet if this action stands and it be proved that the usual custom of homesteads was followed and resale made immediately, that institution will be the sole sufferer, because the deed to Castaing can not be changed under the pleadings.

Under these circumstances we should certainly hold that this suit was improperly brought and therefore affirm the finding of the trial judge, were it not for the fact that the petition alleges that the homestead (contrary to their usual practice) was the agent of Castaing, and we must take that allegation as true, as the certified copy of the act of sale is not attached to the petition, and we know of no law prohibiting such a procuration.

If it be proved on trial that the homestead was acting as agent of Castaing, then it will be bound by his knowledge.

For above reasons the judgment is now reversed, and it is now ordered that the exception of no cause of action filed by both defendants be overruled.