No. 3153

Second Circuit

---

FLOWER v. FLOWER ET AL.

---

(Feb. 3, 1928.   Opinion and Decree.)

---

(*Syllabus by the Editor*)

1. **Louisiana Digest—Taxation—Par. 326; Error and Mistake—Par. 2.**

Ex parte declaration of title based upon the false assumption that the ancestor of the parties was the owner of the property purchased at tax sale will be considered erroneous where the evidence shows that the property was not that of the common ancestor and no consideration was paid by the co-heirs to the purchaser at tax sale for acquisition of their interest in the tax title.

Appeal from the Ninth Judicial District Court of Louisiana, Parish of Rapides. Hon. R. C. Culpepper, Judge.

Action by Charles M. Flower against William P. Flower et al.

There was judgment for plaintiff and defendants appealed.

Judgment affirmed.

Stubbs & Thompson, of Monroe, attorneys for plaintiff, appellee.

Lamar Polk, of Alexandria, attorney for defendants, appellants.

WEBB, J.   The plaintiff, Charles M. Flower, on April 26th, 1902, purchased at tax sale under an assessment made against the "Heirs of Spring", the E½ of NW¼, NE¼ of SW¼, and W½ of SE¼ of Section 1, Township 4, North Range 1 West, situated in the parish of Rapides, and the Sheriff and Tax Collector's deed was recorded on April 30th, 1902.

On November 10th, 1908, the tax purchaser, Charles M. Flower, under authentic act, declared that whereas he had purchased the property described above at tax sale assessed under the name of the Sprigg Heirs, and that whereas said property had been patented by Horatio Sprigg on October 12th, 1831, and that whereas he was the owner in common of the said property at the time of the tax sale with Mrs. Clara Raymond, C. D. Sprigg, Mrs. Frances Sprigg, and F. S. Flower, W. P. Flower, and D. S. Flower, and whereas the purchase under the law was for the benefit of himself and his co-owners, he declared that he recognized the parties named as his co-owners in the property in the proportions of one-third to Mrs. Clara Raymond, a one-third to Horatio S. Sprigg and Mrs. Frances Sprigg, and one-third to the heirs of Mrs. Clara Flower, who were Frank S., Charles M. (plaintiff), D. S., and William P. Flower, and that he remitted and quitclaimed to the respective parties the respective interests in the property, which instrument was recorded on November 14th, 1908.

On May 23rd, 1927, plaintiff filed this suit against the heirs of F. S. Flower and William P. Flower, in which he alleged that through error in drafting the instrument of November 10th, 1908, above referred to, the NE¼ of SW¼ was included in the property quitclaimed, and that said NE¼ of SW¼ had not been patented to the ancestor of the parties or acquired by him, and that plaintiff had not acquired same for the benefit of his co-heirs, but had acquired for his own interest, and did not intend to renounce, relinquish or convey any interest in said NE¼ of SW¼ to his co-heirs, and that the parties named in the instrument did not intend to acquire any interest in said forty acres, and he prays for judgment amending, reforming and correcting the instrument of date November 10th, 1908, so as to exclude the said forty acres, and for judgment decreeing him to be the owner of same, and for all orders, etc., and general relief.

The heirs of F. S. Flower, in substance, pleaded the general denial, and William P. Flower, the sole heir of William P. Flower (named in the instrument of date November 10th, 1908) excepted that the petition failed to state a cause of action, and pleaded the prescription of one, three, five and ten years, and then answered, pleading a general denial.

On trial, judgment was rendered in favor of the plaintiff as prayed for, from which judgment William P. Flower alone appeals, and in this court the only complaint made by defendant is that the trial court erred in holding that the evidence offered had established with sufficient certainty the facts alleged by plaintiff.

While defendant made some objections to the evidence introduced by plaintiff, the objections related to the relevancy rather than to the admissibility, and the evidence offered tends to show the entire relations of the parties to the property in dispute, and the cause was apparently presented with the understanding that such relief, if any, would be granted as the evidence would warrant.

The instrument of date November 10th, 1908, was signed by C. M. Flower only, it does not express any monetary consideration, and it appears to have been made to give effect to the equitable doctrine, that where a co-owner acquires the common property at tax sale the purchase enures to the benefit of his co-owners who avail themselves of the right to redeem the property (R. C. L., Cotenancy, vol. 7, page 863, No. 7, et seq.; Duson vs. Rood, 123 La. 835, 49 South. 590; also Williams vs. Harrell, 132 La. 1, 60 South. 699, and authorities cited), and to avoid the complications which might otherwise result from the recordation of the tax deed.

The error of which plaintiff complains is that the NE¼ of SW¼, which was included in the description of the property, did not in fact belong to the ancestors of the parties and that there was not any co-ownership in that property, and that the declaration by the plaintiff or recognition of co-ownership with his co-heirs being erroneous in fact, the inclusion of that property in the relinquishment was without consideration and in error.

In support of the alleged error, the plaintiff showed that the NE¼ of SW¼ had been patented to another than the common ancestor, and testimony was offered showing that the records of Rapides parish did not disclose any title in the common ancestor, Sprigg, and it was further shown that the parties in whom the plaintiff recognized co-ownership had not refunded to plaintiff the amount which he had paid at the tax sale for the NE¼ of SW¼, and it was also shown that plaintiff, Charles M. Flower, had individually paid all the taxes assessed against that portion

of the property since the tax sale, and that he had collected and retained all of the revenues from that portion of the property (which consisted of sales of timber thereon), all to the knowledge of his co-heirs, and plaintiff states that defendant's father had agreed to acknowledge the error complained of, and it was further shown that all of the co-heirs, with the exception of defendants, had acquiesced in plaintiff's contention, and in a formal written instrument had acknowledged that the instrument of date November 10th, 1908, was not intended to cover the NE¼ of SW¼.

Without regard to the acknowledgment of the co-heirs of the error in the instrument, the fact of the plaintiff having paid the taxes assessed against the property, and having collected and retained the revenues, to knowledge of his co-heirs, as well as the promise of defendant's father to acknowledge the error complained of by plaintiff, bears close resemblance to the facts stated in the opinion in Vignie vs. Brady, 35 La. Ann. 560, in which certain lands described in an act of sale were held to have been included through error; however, the question which seems to have been considered in that case related to the admissibility of the evidence, rather than to its sufficiency, and as it appears that the court did not undertake to recite all the facts proven, we do not think that case can be regarded as supporting the plaintiff's contention as to the sufficiency of the evidence.

However, the instrument considered by the court in the cited case was an act of sale, translative of property, while in the present instance the instrument does not purport to evidence a transaction by which the title was translated, but it appears on its face to be an ex parte declaration of title based upon the assumption that the ancestor of the parties was the owner of the property.

The evidence shows that the only title of record to the property was in another than Sprigg, the ancestor of the parties, and as there was not any evidence offered tending to show that Sprigg claimed title or that he had possession of the property, we think it was sufficiently established that the declaration made by plaintiff in the instrument of date November 10th, 1908, was erroneous, and the evidence further establishing there was not any consideration paid for the release or quitclaim insofar as it covered the property in contest, either by refunding the amount paid by plaintiff for the property at tax sale, or otherwise, and that plaintiff had subsequently paid all taxes assessed against the property and collected all revenues therefrom, to the knowledge of his co-heirs, who acquiesced therein, we think the judgment decreeing plaintiff to be the owner of property and ordering the instrument of date November 10th, 1908, to be corrected so as to exclude the property claimed by plaintiff, was correct.

The defendant filed in this court a motion to remand the cause for a new trial, based upon a survey made of the property, subsequent to the date of the trial, which it is claimed shows that a portion of the NE¼ of SW¼ contiguous to the property admittedly belonging to the common ancestor, had been in cultivation, from which the inference is drawn that it was at one time possessed by the ancestor of the parties, and which, it is claimed, would, if considered in connection with the evidence, offered on the original trial, that the conveyance records of Rapides parish had been destroyed by fire, would be sufficient to overcome the evidence offered by plaintiff to show that the common ancestor was not the owner of the property.

Conceding that the survey would show that a portion of the property had been in cultivation, concededly it does not follow that possession of the property was

held by the common ancestor, and considering that defendant, if he had exercised due diligence, could have availed himself of the facts which might appear from the survey, on the original trial, and that such facts would be merely a circumstance tending to show possession in the common ancestor, we do not think the motion to remand should be sustained.

It is therefore ordered that the judgment appealed from be affirmed, at appellant's cost.