**25 So.2d 444**

**BRULATOUR et al. v. TECHE SUGAR CO., Inc., et al. (ROANE et al., Interveners).**

No. 37614.

Feb. 11, 1946.

Rehearing Denied March 18, 1946.

Claude J. Johnson and Severn T. Darden, both of New Orleans, for appellants.

Rene H. Himel, of Franklin, for appellees.

KENNON, Justice.

The heirs of Gabriel L. Fuselier, more than forty-five in number, filed this suit against the Teche Sugar Company, Inc., seeking to be recognized as the owners of: "A certain tract of swamp land, situated in the First Ward, St. Mary Parish, Southwestern Land District of Louisiana, more accurately described by governmental quarter section as follows: The western half of Section *Seven (7)* in Township Thirteen (13) South of Range Nine (9) East, and containing four hundred twenty and eighty-six one-hundredths (420.86) acres, according to survey of A. L. Fields, Deputy Surveyor in 1841."

They allege that the title to the said land was acquired by Gabriel L. Fuselier from the State of Louisiana in 1853, and that neither he nor any of his heirs ever parted with same.

The defendant, Teche Sugar Company, Inc., answered, admitting the acquisition of the land by the plaintiffs' ancestor and that they were his descendants as alleged, but set up possession and ownership in itself by virtue of a regular chain of title, beginning with a deed dated February 2, 1854, from the plaintiffs' ancestor, Gabriel L. Fuselier, to Mrs. Charles Pecot. The answer fur-

ther set forth that through mutual inadvertence and mistake and by mere clerical error, the property was described in the above deed as "the west or upper half of Section *17*", whereas, all parties intended—and the Notary should have written—"the west or upper half of Section *7*". The defendant prayed that the court reform the deed accordingly; and, in the alternative, pleaded prescription of five, ten and thirty years.

The plaintiff subsequently pleaded prescription of ten years to the defendant's right to reform the deed, and the defendant filed a supplemental answer in which it averred that the error had not been discovered until the plaintiffs' suit was filed.

Thereafter, a joint petition of intervention was filed by Joseph W. Doll, liquidator of the Teche Sugar Company, Inc., and John Randolph Roane, R. Lee Roane, Donald C. Roane, and John Mitchell, in which it was alleged that Mitchell and the Roanes were the owners of the property as set forth by deeds from the Teche Sugar Company, Inc., which had been dissolved. These interveners adopted the defense previously urged and asked for recognition of their respective interests.

The trial court rejected the plaintiffs' demands and gave judgment reforming the deed; finding, in a well-considered opinion, that the Fuseliers and various parties dealing with the land had uniformly by their actions since 1854 regarded "the west or upper half of Section *17*" as remaining in Gabriel L. Fuselier and his assigns and at no time prior to the filing of this suit was

there any claim to or indication of ownership on his or their part of "the west or upper half of Section 7". Specific instances quoted in his opinion are—a writ of seizure executed in 1867 on judgment of Mrs. Fuselier against her husband, Gabriel L. Fuselier, under which all of the property of her husband was seized and sold, including "the west or upper half of Section 17"; a mortgage executed in 1871 by Mrs. Fuselier on her properties, describing therein all of Section 17, and including only "the *East* half of Section 7", with no mention or inclusion of the *West* half thereof; a foreclosure suit followed including "the west half of Section 17" with no mention of "the west half of Section 7".

The plaintiffs appealed to this Court and the defendants answered, asking for the affirmation of the judgment, and, in the alternative, that their pleas of prescription, which were not passed on in the district court, be sustained.

█ We will first consider the plaintiffs' contention that the defendants' right to claim the reformation of the deed has been lost by prescription of ten years.

The plaintiffs have not alleged nor shown any actual notice of the error to the defendant, Teche Sugar Company, Inc., or any of its authors in title, prior to the filing of this suit. Moreover, the evidence includes no circumstance that should have put the defendant or its authors in title on guard or inquiry relative to a possible mistake in the deed. The 1854 vendor made no further claim to the west half of Section 7—after February 2, 1854; it was never assessed to him, nor was it included in either deed, mortgage, seizure, map, or other document. During these years the property was included in various documents as part of the Pecot Plantation and as far back as 1928, the defendants' authors in title were transferring the property by actual description—"the west half of Section 7"; tax receipts are in the record showing payment of taxes by the defendant, Teche Sugar Company, Inc.,—in 1937 and thereafter—under the description, "the west half of Section 7".

There is in the record no succession proceeding or other document by which Mrs. Pecot or her assigns might have been put on notice that the heirs of either Gabriel L. Fuselier or Mrs. Gabriel L. Fuselier were claiming the property here in controversy between 1854 and 1943. This suit was brought soon after the discovery of the oil field at nearby Sorrel, and it is likely that it was only in connection with the close scrutiny of old deeds incident to oil field development that the 1854 error came to the notice of any of the parties to this suit.

We, therefore, conclude that the defendants have not lost, by prescription, their right to seek the reformation of the February 2, 1854 deed from Gabriel L. Fuselier to Mrs. Pecot, and will next consider their contention that it was by mutual error and mistake of the parties and by clerical error that "the west upper half of Section 17" was written in the deed instead of "the west upper half of Section 7".

The vendor, Gabriel L. Fuselier, at the time of the sale to Mrs. Pecot, owned all of Secs. 7 and 17. An examination of the map shows that if "the west half of Sec. 7" is considered a part of the Pecot Home

Place Plantation, the name by which the tract now owned by defendants is known, then that plantation is a continuous tract approximately one-half miles wide and extending between sides, almost parallel, from Bayou Teche on the south to Grand Lake on the north. On the other hand, if this half section is eliminated from its area there is a break or gap of about one mile by the whole width of the plantation which would isolate its land near the lake in Section 6 from the rest of its plantation and if "the west half of Section 17" should be substituted for "the west half of Section 7" and included in the plantation, this would not fill the gap nor offer an alternative route to reach the lands in Section 6, adjacent to the Lake. The plantation would then be composed of three noncontiguous tracts of land and, if "the west half of Section 17" were removed from Fuselier's Adeline Plantation, there would result a gap in its area.

The 1854 deed gives a general description of the property conveyed as well as naming the sections, etc.

Mr. Walter Y. Kemper, admitted by the plaintiffs to be a qualified engineer, testified that he had surveyed both plantations and when a general description taken from the inventory of property in the Succession of Mrs. Charles O. Pecot was read to him, he answered that " * * * It is bound to include the fractional W½ of Section 6, W½ of Sections 7 and 18. * * * The Adeline title has always been the E½ of Frl. Sections 6, 7 and 18. * * *"

Defendants' exhibits 7 and 8 are maps of the area made by Gabriel L. Fuselier's son, Alfred A. Fuselier, one in 1895 and the other is undated. They each show the west half of Section 7 as belonging to the Pecot Home Place Plantation and all of Section 17 as belonging to the neighboring Adeline Plantation. Both Secs. 7 and 17 are irregular and it is noteworthy that the total acreage mentioned in the 1854 deed fits to the fraction of an acre with Section 7, but if the west half of Section 17 were intended, the total acreage named would be in error by approximately 100 acres.

Lumbermen, who purchased the timber on the Pecot Home Place, operated over the west half of Section 7 and did not consider the west half of Section 17 as included in their contract.

■ It is obvious, from a study of the record, that Gabriel L. Fuselier, his heirs and assigns, have always considered themselves the owners—and in possession of the whole of Section 17 and have just as consistently never considered themselves the owners—or possessors—of the "western half of Section 7", and that, on the contrary, the defendants and the interveners and their predecessors in title have consistently considered themselves the owners and possessors of the "western half of Section 7" and have never made any claim or exercised possession over any portion of Section 17; that there was mutual error and mistake in the deed of February 21, 1854; and that the judgment of the district court reforming the deed reflects the true intent of the parties to the instrument of February 2, 1854.

■ The authorities in Louisiana are uniformly for the principle that extrinsic evidence, including parol testimony, is admissible to show error in the description of

property sold. Chief Justice Bermudez, as far back as 1881, in Levy v. Ward, 33 La. Ann. 1033, said: "The reception of parol testimony to establish a clerical error, almost patent in the description of land contained in the deed, as also to explain lurking ambiguities, to identify the property, to prove fraud practiced in the transfer of land, to show possession, to show boundaries, is no infringement of the rule which demands that title to real estate be evidenced in writing only."

This Court followed the same principle in Smith v. Chappell, 177 La. 311, 148 So. 242, quoting the above case and citing Fleming & Baldwin v. Scott, 26 La.Ann. 545; Vignie v. Brady et al., 35 La.Ann. 560; Lattimer's Heirs v. Gulf Refining Co., 146 La. 249, 83 So. 543; and Ruling Case Law, Vol. 8, p. 1037; 13 Cyc. 601.

The judgment is correct both as to the facts of the case and the law applicable thereto, and it is affirmed with costs.

HAWTHORNE, J., takes no part.