FORET, Judge.
Plaintiff, Mrs. Phyllis Hoag Snow, brought this action against her sister, Mrs. Mildred Hoag MacDonnell, to assert her claim to the ownership of:
“All of that property in Section One (1), Township Ten(10) South, Range Three(3) West, occupied and comprising the right-of-way known as U.S.Highway 90 being a strip of land approximately seventy-five (75') feet in width and approximately three thousand (3000') feet long.”
Plaintiff also seeks to cancel and erase an oil, gas and mineral lease granted by her sister, Mrs. MacDonnell, to one Gene T. Oliver, who subsequently assigned the lease to Pioneer Production Company[1] (hereinafter referred to as Pioneer). Intervening in this lawsuit is one C. B. Pearce, the assignee of a mineral lease granted by Mrs. Phyllis Hoag Snow to one Sandra Thiels, which was subsequently assigned to Pearce. C. B. Pearce claims that his lease covers all of the mineral rights under the 1.05 acre tract in dispute. On the other hand, Pioneer claims a valid lease on one-half of the minerals underlying the tract in dispute.
The record indicates that Mrs. Snow, Mrs. MacDonnell, and a deceased, brother, Phillip H. Hoag, Jr., who died intestate, without ascendents or descendents, were the sole heirs of Phillip H. Hoag, Sr., who died on August 19,1938, and whose wife, Mrs. Clara Mayes Hoag, had predeceased her husband. The record further reveals that when Phillip Hoag, Sr. died, that the three children inherited his property, in undivided portions of a one-third each. However, there is nothing in the succession proceedings of Phillip Hoag, Sr. wherein the above property is mentioned. Likewise, in the succession proceedings of Phillip Hoag, Jr., there is no specific mention of the property in dispute.
By act of partition dated April 16, 1963, Mrs. Phyllis Snow and her sister, Mrs. Mae-Donnell, sought to partition the properties which they had inherited. Again, no specific mention was made of the property in dispute. In 1964, apparently to correct and to show their true intention in the partition of April 16,1963, Mrs. Snow and Mrs. Mac-Donnell again entered into an act of partition, and therein it was stated that the 1964 agreement was intended to be a “full, final and complete partition of the property belonging to the Succession of Phillip Howard Hoag, deceased, and further that Phyllis Hoag was to receive all of the immovable property of Phillip Howard Hoag in the southwest quarter of Section 1”. Then the 1964 partition went on to describe in particularity two separate tracts of land located in Section 1; however, again, no specific mention was made of the property in dispute.
Subsequent to the 1963 and 1964 partition agreements, Mrs. Phyllis Hoag Snow granted a mineral lease on the property in dispute to one Sandra Thiels, the said lease being dated November 8, 1973. On December 3, 1973, Clara Mildred MacDonnell granted a mineral lease on the property in dispute to one Gene T. Oliver.
To further complicate matters, on October 1, 1975, Mrs. MacDonnell executed a quitclaim deed in favor of Mrs. Snow. The quitclaim deed purported to. convey from Mrs. MacDonnell to Mrs. Snow all of her right, title and interest to the following described property:
“Any and all lands located or situated in Section 12 and Section 16, Township 10 South, Range 3 West, La., Mer., . land under the rights of ways of U. S. Highway 90 and the Southern Pacific Railroad land traversing said Sections 12 and 16.” (Emphasis provided)
The complication in this deed is that neither Mrs. MacDonnell nor Mrs. Snow, nor any of their ancestors in title ever owned any property in Section 16, Township 10 South, *613 Range 3 West. The record further shows that neither U. S. Highway 90 nor Southern Pacific Railroad traverses any portion of the said Section 16. As a matter of fact, Section 16 is situated several miles to the south and east of U. S. 90. On the other hand, both U. S. Highway 90 and Southern Pacific Railroad traverses Section 1, Township 10 South, Range 3 West. Therefore, it is obvious to us that the reference to Section 16 should have been to Section 1 of said township and range.
There is little doubt that the parties, by the 1963 partition agreement, as amended in 1964, and as further clarified in the 1975 quitclaim deed, intended that Mrs. MacDon-nell was transferring all of her right in the disputed property to Mrs. Snow.
It is well settled in our jurisprudence that parol evidence is admissible to correct errors ■ in description of property. Brulatour v. Teche Sugar Co., 209 La. 717, 25 So.2d 444 (1946); Smith v. Chappell, 177 La. 811, 148 So. 242 (1933). Parol evidence is admissible to establish identification of property conveyed where the description in an act of sale is ambiguous, so long as there is a sufficient description in the act to leave the title substantially resting on the writing and not essentially on parol evidence. Bostick v. Foret, 351 So.2d 238 (La.App. 4 Cir. 1977), writ denied, La., 352 So.2d 1031. Accordingly, we are of the opinion that the description in the 1975 quitclaim deed is ambiguous and erroneous and there is sufficient parol evidence in the record to correct the description by deleting the reference to Section 16 Township 10 South, Range 3 West and substituting therefor, Section 1 of the said township and range.
We therefore conclude that the 1.05 acre tract, title to which devolved from the Succession of Phillip H. Hoag, Sr., Vs to Phyllis Hoag Snow, Vs to Mrs. Clara Mildred Hoag MacDonnell, and Vs to Phillip Howard Hoag, Jr., is now owned by Mrs. Phyllis Hoag Snow in to to. We will therefore amend the trial court judgment and will declare Mable Phyllis Hoag Snow to be the sole owner of the property in dispute here- . in.
RIGHTS OF MINERAL LESSEES
Inasmuch as the public records doctrine is a major issue herein, we note at the outset that the partitions, quitclaim deed, mineral leases, etc. mentioned hereinabove were properly and timely placed of record in the conveyance records of Jefferson Davis Parish, the parish wherein the property in dispute is situated.
Intervenor, Pearce, lessee of Mrs. Snow, claims that the recordation of the 1963 and 1964 partition agreements placed third parties on notice that Mrs. MacDonnell had conveyed all of her interests in the disputed property, and that third parties, including lessee, Gene T. Oliver, and his assignee, Pioneer Production Company, were properly put on notice. On the other hand, Pioneer claims that the omnibus description in the 1964 deed is not effective as notice to third persons because it is an omnibus description, and further, that two tracts were described in particularity,[2] neither of which include the property in dispute. The trial court held that Pioneer was not placed on notice as a third party, and that therefore the mineral leases on the disputed tract are valid in the proportions of one-half each to Pearce and Pioneer. We agree and affirm that portion of the trial court judgment.
As mentioned above, the trial court found that the property description in the various deeds, etc. did not put third parties on notice of the transfer of the property here in dispute. The case of Daigle v. Calcasieu National Bank in Lake Charles, 200 La. 1006, 9 So.2d 394 (1942) involved a contest between a vendee claiming under an omnibus description and a subsequent vendee who was a third party to the former transaction. The description in the first transfer read as follows:
*614 “All vendors’ undivided one-half interest of the whole interest in all the property that he now possesses in his name at the present date in Calcasieu Parish and St. Landry Parish, both real estate, personal property, consisting of lands and improvements.”
The court referred to the above description in stating:
“It seems to be settled now by the jurisprudence in Louisiana that such a vague and indefinite description, in an instrument, purporting to convey title to real estate, as all of the land owned by the seller in the named parish, is not sufficient or specific to give notice to third parties thereafter dealing with the seller.”
Williams v. Bowie Lumber Co., Ltd., 214 La. 750, 38 So.2d 729 (1948) recognized that an omnibus description is valid between the immediate parties referred to, but held that such a description would not provide adequate notice to third parties. J. H. Jenkins Contractors, Inc. v. Farriel, 246 So.2d 340 (La.App. 1 Cir. 1971) is to the same effect. So, whether the description purports to convey all of a person’s rights to property in a particular section or a particular parish, it is clear that such an omnibus description will not provide sufficient notice to third parties relying on the public records of an adverse claim to specific property as is required by Louisiana Civil Code 2266 and La.R.S. 9:2721.
In our opinion, however, we need not reach the issue of whether or not an omnibus description places third parties on notice. We do not find the description involved herein in the 1964 amended partition agreement to be an omnibus description.
A transfer under omnibus description, like any other, would require an intent to transfer which has focused on some property interest. Here the focus was obviously on the property which was listed specifically. The general description was, by its language and content, not intended to be dis-positive, but merely elaborative, of the specific descriptions. The 1964 correction referred to the 1963 act and stated:
“The act of partition described herein-above omitted Item 1 above and included only a one-half (W) interest in Item 2 above, when it was the intention of the parties in said partition that Mabel Phyllis Hoag also takes and receive Phillip Howard Hoag’s undivided one-half (%) interest in Item 1 above and all of his interest (which was full ownership) in Item 2 above.
“This act of correction shall be construed to amend the partition so as to convey to Mabel Phyllis Hoag all of Phillip Howard Hoag’s rights, titles and interests in and to the tracts described above as Item 1 and Item 2, and shall not be construed to change or alter any other provision including, but not by way of limitation, any other properties, movable or immovable, taken by either of appearers in said partition.”
It can be seen from this language that the 1964 correction was intended solely to transfer the property specifically described therein, with the general omnibus language being inserted merely to clarify the more specific descriptions by defining the source of acquisition of the described property.
However, we are of the opinion that the 1964 amending partition, while it did mention generally all of Mrs. MacDonnell’s property in Section 1, the act then goes on to particularize two- tracts of land, none of which include the property in dispute. Therefore, we are of the opinion that the focus was obviously on property which was described specifically. The general description was, by its language and content, not intended to be dispositive, but merely elabo-rative, of these specific descriptions. Inasmuch as the property in dispute herein was not specifically described along with the specific descriptions of the other two tracts, third parties were not put on notice of any transfer, or intent to transfer, the property at issue herein.
We find that each of the lessees has a valid lease over an undivided one-half interest of the 1.05 acre tract in dispute. In making this decision, we do not reach the question of whether or not title to the dis *615 puted property passed in 1964 or by the quitclaim deed of 1975. Insofar as the question relates to the mineral lessees, we find their leases to be valid in either event.
For the reasons stated above, the judgment of the trial court is reversed and amended so as to declare Phyllis Hoag Snow to be the sole owner of the 1.05 acre tract in dispute. That portion of the judgment which declares the mineral leases to be valid is affirmed insofar as it declares that each of the mineral leases in dispute covers an undivided one-half interest of the property in question.
Costs of this appeal are assessed equally between Pioneer and C. B. Pearce.
REVERSED IN PART, AMENDED IN PART, AND AFFIRMED IN PART.

. By supplemental and amending petitions, plaintiff joined several other parties in this lawsuit in addition to Mrs. MacDonnell and Pioneer, but subsequently, on motion of plaintiff, all of the other parties joined were dismissed excepting Terra Resources, Inc., Petro-Lewis Corporation, and C. F. Braun and Co., who were assignees, or otherwise associates of Pioneer.

. There is no non-exciusive language in the 1964 partition deed to indicate that the parties intended to transfer any other property but the two described tracts, neither of which included the property in dispute in this litigation.