832 So.2d 360 (2002)
Morris Miller WILLSON
v.
UNOPENED SUCCESSION OF Elbert DAVIS, et al.
No. 02-0475.
Court of Appeal of Louisiana, Third Circuit.
October 30, 2002.
Rehearing Denied December 11, 2002.
*361 William L. Koerber, Jack Hendrix McLemore Jr., Attorney at Law, Vidalia, LA, for, Rebecca Calvert Meng, Emily Moore Calvert, Calvert Company.
Henry James Lossin Sr., Attorney at Law, Virgil Russell Purvis Jr., Smith, Taliaferro, Seibert, Jonesville, LA, John Clay Hamilton, Hamilton & Carroll, Oak Grove, LA, for John W. Davis, Sidney L. Davis, Joseph E. Davis, Patricia Ann Davis Giamanco, Elbert Davis.
Josiah William Seibert III, Attorney at Law, Vidalia, LA, for Morris Miller Willson.
Court composed of JOHN D. SAUNDERS, MICHAEL G. SULLIVAN, and ELIZABETH A. PICKETT, Judges.
SAUNDERS, Judge.
The appellants, Morris Miller Willson Jr. and Bridget Pecanty Willson, appeal the ruling of the trial court sustaining the Calvert Family's peremptory exception of liberative prescription and granting the Davis Heirs' motion to strike affirmative defense and evidence by the appellants asserting possession of the parcel of land in question.

FACTS AND PROCEDURAL HISTORY
In March of 1999, the Willsons filed a "Petition for Declaratory Judgment and Executory Relief" against the defendants: Unopened Succession of Elbert Davis, Patricia Ann Davis Giamanco (a/k/a Patricia Davis Wilkes), Sidney L. Davis, John W. Davis, Joseph E. Davis (hereinafter the "Davis Heirs"); and the Calvert Company, Emily Moore Calvert and Rebecca Calvert Meng, as co-executors of the Succession of Samuel H. Calvert Jr. and John Randolf Calvert (hereinafter the "Calvert Family"). In this petition, the Willsons asserted superior title and claim to the disputed property, consisting of approximately 206.77 acres and described as the Northeast Quarter of Section 15, Township 7 North, Range 7 East, Concordia Paris, Louisiana (NE/4, Section 15, T7N-R7E).
*362 The Willsons claim that they can trace their title through a series of transfers beginning in 1858. Included in their list of deeds is a Sheriff's Tax Deed transferring property from the estate of T.H. Thornhill to T.H. Johnson dated July 6, 1912. The dispute over this parcel stems directly from the land description included in the tax deed. The tax deed purports to convey to T.H. Johnson the following property for non-payment of 1909, 1910, and 1911 taxes: "All of Section 15 in Black Lake, except NE1/4, containing 206.77 acres, more or less, situated in Concordia Parish, Louisiana." The Sheriff's deed conveying the property of Thornhill in 1912 expressly less and excepted the NE1/4 of Section 15; however, the Willsons claim that there is no such exception in the 1911 Concordia Parish Assessment Rolls, which described the Estate of T.H. Thornhill as "Section 15 in Black Lake, T.7R.7."
In April of 1999, the defendants, the Davis Heirs, filed their Answer to the Willsons' petition and asserted superior title to the Willsons, as well as the alternative pleadings of ten and thirty year possession of the property in dispute. In June of 1999, the Calvert Family answered the Willsons' petition and claimed their title and ownership of the disputed property is good, valid, and marketable, and in all respects superior to all other claims of title and ownership. The Calvert Family also asserts actual and corporeal possession of the disputed property.
In January of 2000, the Calvert Family filed a petition against the Willsons entitled "Reconventional Demand for Declaratory Judgment and Executory Relief," asserting superior title and ownership title to the disputed property than either the Willsons or the Davis Heirs. They also asserted civil and corporeal possession of said property in excess of sixty-five years without interruption. Through this reconventional demand the Calvert Family sought judgment declaring absolute ownership of the disputed property as well as the right to absolute possession of said property. In addition to their reconventional demand, the Calvert Family filed a number of exceptions to the Willsons' petition. The trial court sustained their peremptory exception of ten years liberative prescription.
In their amended answer to the Calvert Family's Reconventional Demand, the Willsons assert, for the first time, an affirmative defense claiming they have exercised corporeal and civil possession of the disputed property for more than thirty years. In response to this amended answer by the Willsons, the Davis Heirs filed a "Motion to Strike Affirmative Defense" specifically seeking to strike the defense of possession found in the Willsons' amended answer. The Davis Heirs claim that that the Willsons initiated a petitory action with their original petition and are precluded from claiming possession of the property in dispute. The trial court sustained their Motion to Strike.
Following the judgment of the trial court, the Willsons filed a Motion and Order for Appeal on February 4, 2002.

DISCUSSION
The issues to be resolved on appeal are (1) the applicable prescriptive period for reformation of a tax deed, and (2) admissibility of evidence of possession on the part of the appellants, the Willsons.

10 YEAR LIBERATIVE PRESCRIPTION
The Willsons assert that the trial court's reason for sustaining the peremptory exception of ten years liberative prescription is not supported by precedent. While we find no jurisprudence specifically applying the ten year liberative prescription period *363 to tax deeds, for the reasons presented below we agree with the Calvert Family that a tax deed falls within the scope of instruments covered by article 3499 of the Louisiana Civil Code.
The Willsons' attempt to correct the alleged error in the 1912 tax deed would clearly constitute the reformation of an instrument. "That action, sometimes called an action for reformation of a deed, seeks to correct the mutual error or mistake that occurred in the preparation of the instrument. The property description is changed to describe the property which the vendor intended to sell and which the vendee intended to purchase." Mitchell v. Clark, 448 So.2d 681, 685 (La.1984) (citing Brulatour v. Teche Sugar Co., 209 La. 717, 25 So.2d 444 (1946); Waller v. Colvin, 151 La. 765, 92 So. 328 (1922)).
The Willsons base their arguments against application of La.Civ.Code art. 3499 on their assertion that a tax sale is not a consensual contract, but rather an adjudication in which property of a tax debtor is sold by a tax collector in an involuntary manner to an adjudicatee. We find no support for the Willson's contention that "consensuality" is a requirement for an instrument designated as a personal action, falling within the ten year prescriptive period of article 3499. As with jurisprudence addressing reformation of other types of deeds, the Willsons' proposed change in the tax deed would constitute the reformation of an instrument subject to the ten year prescriptive period of La. Civ.Code art. 3499. Article 3499 provides that, "[u]nless otherwise provided by legislation, a personal action is subject to a liberative prescription of ten years."
The law of reformation of instruments is clear and well settled. Deeds, such as the tax deed in the present case, are personal instruments subject to article 3499's ten year prescriptive period. In Agurs v. Holt, 232 La. 1026, 95 So.2d 644, 645-646 (1957), a case concerning the reformation of a deed, the Louisiana Supreme Court stated:
The law respecting reformation of instruments is well settled here and elsewhere. It is an equitable remedy and lies only to correct mistakes or errors in written instruments when such instruments, as written, do not express the true contract of the parties. See Ober v. Williams, 213 La. 568, 35 So.2d 219, citing 45 Am.Jur.Sec. 45 et seq. It is a personal action, even when applied to real estate (see Louisiana Oil Refining Corporation v. Gandy, 168 La. 37, 121 So. 183), in which the burden is on the one seeking reformation to establish the mutual error and mistake by clear and convincing proof, parol evidence being admissible for this purpose. Waller v. Colvin, 151 La. 765, 92 So. 328; Smith v. Chappell, 111 La. 311, 148 So. 242; Fair v. Williams, 187 La. 953, 175 So. 631 and Southwest Gas Producing Co. v. Hattie Brothers, 230 La. 339, 88 So.2d 649.
We also find no merit to the Willsons' contention that a tax deed is not a type of instrument included within the scope of article 3499. They claim that article 3499 is only applicable for reformation of consensual contracts where mutual mistake is involved. They further argue that a tax deed is not a "mutual contract" and, therefore, not within the purview of article 3499. This is where we find the appellants' key misconception of the law involving reformation of instruments. It would appear that the Willsons have confused mutuality of mistake, a requirement for reformation of instruments, for what they call consensuality of the agreement, which is not a requirement for either reformation of instruments *364 or the application of the ten year prescriptive period of article 3499.
We first note that we do not find any language in the statute or in jurisprudence stating that reformation requires that the instrument to be reformed be consensual in nature. In support of their argument, the Willsons cite Walker v. Jim Austin Motor Co., 162 So.2d 135 (La.App. 1 Cir. 1964), writ denied, 246 La. 354, 164 So.2d 353, and Robert Investment Co., Inc. v. Eastbank, Inc., 496 So.2d 465 (La.App. 1 Cir.1986). The Willsons' proposition is not supported by any of the cases cited in their brief. Both of the above cases state that clear proof of mutual error or mistake is required for reformation of an instrument. Neither case mentions a need for a consensual or mutual contract. In fact, both of these cases clearly cite jurisprudence finding that reformation of an instrument, including a deed, is a personal action and subject to the ten year prescriptive period of article 3499.
The Willsons next argue that a tax deed is not a consensual contract, but an adjudication in which property of a tax debtor is sold by the tax collector in an involuntary manner to an adjudicatee. In support of this claim, the Willsons cite Whitfield v. Jones, 270 So.2d 153 (La.App. 1 Cir.1972), writ denied, 272 So.2d 376 (La.1973), and Kallenberg v. Klause, 162 So.2d 73 (La. App. 4 Cir.1964). We find nothing in either of these cases to support the appellants' contention that a tax deed is not consensual and therefore not within the scope of article 3499.
We agree with the Calvert Family's argument that there must be an applicable prescriptive period to apply for the reformation of tax deeds. The Willsons blindly state that the ten year period designated by article 3499 is inapplicable to tax deeds, yet they make no suggestion of the appropriate prescriptive period to use. In fact, they claim that reformation of a tax deed is a ministerial act which the court may effect on its own. They cite Brown v. Tauzin, 163 So. 764 (La.App. 2 Cir.1935), rev'd, 185 La. 86, 168 So. 502 (1936), as support for this proposition. As with prior case law cited by the Willsons, Brown does not stand for the proposition that they assert. Brown specifically involved a contested tax deed where the description in the deed corresponded to an entirely different parcel of land than the one for which taxes were due, making the tax deed a nullity. There is nothing in the Brown opinion, however, that supports the Willsons' contention that a tax deed is strictly a ministerial action and, therefore, not subject to any statutory prescriptive period.
We also agree with the Calvert Family's statement that the equity principles for which the ten year prescriptive period were designed apply to tax deeds. These principles of equity are in place to protect the buyer as well as the seller in conveyances of immovable property, whether that conveyance be by traditional deed or a sheriff's tax deed. The tax deed, like other deeds for immovable property, results in the valid transfer of ownership to the buyer. The consensual nature of such transfers is not the relevant factor. It is the stability of such transfers of property at stake and it is in the best interest of both sellers and buyers in transfers of this nature to follow the universal and consistent rules governing the challenge and modification of deeds.
Even if the Willsons were to present an alternative prescriptive period, the longest period provided by the Louisiana Civil Code is thirty years. Even with this extended prescriptive period, the appellants have exceeded the time allowed for reformation. The prescriptive period runs from the time of the conveyance of the deed, or the time when the error in the deed was *365 known or should have been known. The deed was conveyed in 1912 and yet neither the appellants, nor their predecessors in interest, made any move to correct the alleged error in the deed's language until 1999. It is clear on the face of the deed that the parcel of land conveyed by the tax deed is different than the description of land found in the assessment record. The appellants, or their predecessors in interest, should have known immediately of the alleged error in the description of the land.

(2) EVIDENCE OF POSSESSION BY APPELLANTS
The Willsons' second assignment of error is that the trial court erred in sustaining the Davis Heirs' Motion to Strike their affirmative defense of corporeal and civil possession of the disputed property for thirty years prior to bringing this action. According to the trial court's reasons for judgment, the Willsons admitted in their petition that they were not in possession of the disputed tract and their action is therefore truly a petitory action. The court held that under La.Code Civ.P. art. 3657(2), the appellants were precluded from asserting possession of the disputed property. We find no such admission in the Willsons' petition. A party's failure to specifically assert possession of the disputed property in a petition is not necessarily a stipulation by that party that they are not in possession of the property. The Willsons argue that their inability to allege and prove acts of possession by them and/or their predecessors in title at a trial on the merits will cause irreparable harm. We agree.
The Davis Heirs believe that since the Willsons only claimed ownership in their original petition, and not possession, their action is properly classified as petitory in nature. They argue, therefore, that the trial court did not err in sustaining their Motion to Strike the Willsons' affirmative defense of possession. They also claim that the Willsons have unequivocally and undeniably asserted ownership to the disputed property by virtue of superior title and that they assert their ownership to be derived and based upon title, not possession. As a result, the Davis Heirs claim that the Willsons are precluded from asserting any allegation of possession as a basis for ownership to the disputed tract.
In our analysis of this issue, we must take notice of the import placed by the legislature on keeping petitory and possessory actions separate. La.Code Civ.P. art. 3657 states that:
The plaintiff may not cumulate the petitory and the possessory actions in the same suit or plead them in the alternative, and when he does so he waives the possessory action. If the plaintiff brings the possessory action, and without dismissing it and prior to judgment therein institutes the petitory action, the possessory action is abated. When, except as provided in Article 3661(1)-(3), the defendant in a possessory action asserts title in himself, in the alternative or otherwise, he thereby converts the suit into a petitory action, and judicially confesses the possession of the plaintiff in the possessory action.
If, before executory judgment in a possessory action, the defendant therein institutes a petitory action in a separate suit against the plaintiff in the possessory action, the plaintiff in the petitory action judicially confesses the possession of the defendant therein.
The key to determining whether an action is petitory in nature is determining who is in current possession of the disputed property. In Lafourche Realty Co., Inc. v. Duard Eymard Co., Inc., 93-1278 (La.App. 1 Cir. 6/24/94); 638 So.2d 1138, writ denied. 94-1991 (La.11/11/94); 644 *366 So.2d 390, the court enumerated three different actions through which a party can assert ownership or possession of real property.
Chapter I of Title II of the Code of Civil Procedure, is entitled "Actions to Determine Ownership or Possession", and provides for three different actions through which one can assert ownership or possession of real property. La. C.C.P. art. 3651 provides for petitory actions, which are actions brought by a person who claims the ownership, but who is not in possession, of immovable property or of a real right therein, against another who is in possession or who claims the ownership thereof adversely, to obtain judgment recognizing the plaintiff's ownership. La.C.C.P. art. 3654 provides that "the issue of ownership of immovable property or of a real right therein is presented in an action for a declaratory judgment...." A plaintiff who is in possession of the property at issue can bring an action for declaratory judgment, thereby raising issues of possession and ownership in the same action. Liner v. Terrebonne Parish Sch. Bd., 519 So.2d 777 (La.App. 1st Cir.1987), writ denied, 521 So.2d 1173 (La.1988), cert. denied, 488 U.S. 827, 109 S.Ct. 79, 102 L.Ed.2d 55 (1988). Finally, La.C.C.P. art. 3655 provides for possessory actions.
Id. at 1139.
Even if we agree with the Davis Heirs and the trial court that the appellants' petition designates this action as petitory in nature, we do not agree that a petitory action precludes any and all evidence of possession on the part of the plaintiff. Mere evidence of possession does not, in all cases, result in the invalid cumulation of petitory and possessory actions as prohibited by La.Code Civ.P. art. 3657. When a plaintiff brings a petitory action jurisprudence clearly states that the first question to be addressed is possession of the disputed property. Because the definition of a petitory action is an action by one claiming ownership against one in possession, it is necessary to determine who is in possession before a claim can be made as to whether this is in fact a petitory action or just an action for a declaratory judgment. We find no such determination of current possession made by the trial court.
Determination of who has possession of the property determines the burden of proof the plaintiff must meet. "To satisfy [this] burden, the [plaintiff is] required to prove an unbroken chain of record title or that [he] acquired title by prescription." Pure Oil Co. v. Skinner, 294 So.2d 797 (La.1974) (emphasis added). Asserting title through thirty years acquisitive prescription is a different matter than presenting evidence of current possession of disputed property in a petitory action. The jurisprudence is clear that the former is precluded, where the latter is a valid means of asserting ownership in a petitory action under La.Code Civ.P. art. 3653 which provides as follows:
To obtain a judgment recognizing his ownership of immovable property or real right therein, the plaintiff in a petitory action shall:
(1) Prove that he has acquired ownership from a previous owner or by acquisitive prescription, if the court finds that the defendant is in possession thereof; or
(2) Prove a better title thereto than the defendant, if the court finds that the latter is not in possession thereof.
We do not believe that sufficient evidence has been heard on the issue of current possession to determine that the Willsons' petition is petitory in nature. Additionally, for the reasons stated above, evidence of ownership through acquisitive *367 prescription is permitted under article 3653 of the Louisiana Code of Civil Procedure. We find that the appellants should be allowed to amend their petition to allege acquisitive prescription of thirty years and the trial court shall hold a hearing on the matter of possession of the property.
Since we agree that the Willsons' ability to reform the deed in question has prescribed, they are no longer able to trace ownership directly through title. They are now left only with the argument of acquisitive prescription. We find, therefore, that this matter must be remanded to the district court for a determination of who is in In possession of the disputed tract of land. If the plaintiff is asserting that they have acquired title through thirty years possession, they must be allowed to present this argument. This issue of possession can only be determined on the merits, and therefore the trial court erred in sustaining the appellee's Motion to Strike the Willsons' affirmative defense of thirty years possession of the property in question.

DECREE
For the forgoing reasons, the judgment of the trial court is affirmed in part and remanded in part for further ruling not inconsistent with this decision. The appellants are entitled to amend their petition to include their argument of acquisitive prescription through 30 years possession. All costs of this appeal are to be divided equally between the Willsons and the Davis Heirs.
AFFIRMED IN PART; REVERSED AND REMANDED IN PART.