LECHE, J.
Plaintiffs are the widow and children of the late J. Ford Hodge, by a second marriage contracted in December, 1801, and defendants are the three sons of the deceased, issue of his first marriage entered into in the latter part of the year 1878. J. Ford Hodge died February 2, 1915, and this suit was filed August 8, 1919.
, Plaintiffs in substance charge that the late J. Ford Hodge bought, at various times between the years 1904 and 1912, eight certain tracts of land, that he paid the purchase price thereof, but had the titles taken in the names of Duke and Wesley J. Hodge, two of his sons by his first marriage, that said property, having been bought during the second community, should be declared to belong to that community, or one half to the surviving widow and the other half to all of his children, and that plaintiffs are entitled to have the same partitioned accordingly. Plaintiffs further allege, in the alternative, that, in case said lands cannot be restored, Duke and Wesley Hodge should be made to account for and collate the purchase price thereof. They further allege that Duke and Wesley Hodge owe to the succession of their father, J. Ford Hodge, $1,000, the value of a crop of cotton and agricultural implements which belonged to their deceased father and which they appropriated to their own use and benefit; that Duke Hodge received in money from lids father $2,000, and that Wesley J. Hodge received from his father $3,800, which amounts they should be respectively made to account for and collate to the succession of their father. They pray, accordingly, for relief.
Tobin R. Hodge, one of the defendants, made no appearance and permitted plaintiffs to obtain judgment by default. The other two defendants, Duke and Wesley J. Hodge, filed exceptions to the jurisdiction of the court and of no cause of action, which were overruled by the trial court and which are not pressed on this appeal. They then answered, denying all the facts upon which plaintiffs base the present action, and they filed pleas of prescription of 3, 5, and 10 years.
One of the tracts of land described in plaintiffs’ petition was purchased in the name of J. Ford Hodge in 1912, in consideration of $200. It is described under the number 8 in plaintiffs’ petition, it is admitted by all parties that it was sold for taxes, and it is not *615 claimed to be owned by defendants, and therefore is not involved in this litigation.
The district court rendered judgment in favor of plaintiffs, recognizing the property in dispute as belonging to the second community existing between J. Ford Hodge and Ida Milling Hodge, and condemning defendants Duke and Wesley J. Hodge to account for and pay over the sum of $12,375 proceeds of part of that property sold by them to third persons, and ordering a partition as prayed for by plaintiffs. From that judgment defendants Duke and Wesley J. Hodge appeal.
[1] The first question presented for decision is whether parol evidence is admissible to prove that the acquisitions made by and in the names of Duke Hodge and Wesley J. Hodge were in reality made by J. Ford Hodge for his own account. That question is not res nova and has frequently been decided by this court. Our learned brother of the district court overruled the objection made by defendants to the admissibility of such testimony, permitted same to be introduced, and his judgment recognizing the property in dispute as belonging to the second community rests entirely upon that testimony. It has long ago been recognized, and the rule is now firmly established by numerous decisions of this court, that though parol evidence is' admissible, where fraud or error is charged, to show that a sale is not real and that the immovable property still belongs to the pretended vendor, it is under no circumstance admissible to create a title in some one who has never owned the property or to show that the vendee was in reality some other person than the person named in the sale. See Hanby v. Texas Co., 140 La. 195, 72 South. 933, and a long list of decisions therein cited. Plaintiffs having failed to offer any written evidence to show title to the property in dispute in J. Ford Hodge, it follows that the ownership of Duke and Wesley J. Hodge to that property and their ownership of the cotton crop grown on that property and of the agricultural implements used in the cultivation thereof, charged to have been wrongfully appropriated, must be recognized. This disposes of plaintiffs’ claim to the ownership of property described in their petition and to their claim for $1,000 for the value of the cotton crop and the agricultural implements charged to have been wrongfully taken by Duke and Wesley J. Hodge.
[2] Parol testimony, however, was admissible to prove the alternative demand of plaintiffs or to show that the purchase.price of the property in dispute was paid for and advanced by L Ford Hodge, thereby establishing an indebtedness by Duke and Wesley J. Hodge to their father for the purpose of compelling the latter to collate the amounts thus advanced to them by their father in this partition proceeding. With a view of ascertaining whether the evidence justifies a judgment in favor of plaintiffs on this, their alternative demand, we have diligently considered all the testimony appearing in a voluminous record forming the transcript in this case.
[3] It appears that J. Ford Hodge’s second marriage, in 1891, was not a happy one for either of the spouses. There were four children born of that union, and they, with their mother, are the plaintiffs in this suit. Unfortunate differences arose in the matrimonial home, and after a few years, the date not being established with any degree of certainty, the parties separated. Whether one or both of them were at fault is not definitively shown, and it would serve no useful purpose to discuss that feature of the case. It appears that J. Ford Hodge was a practicing physician, that at the death of his first wife he was in what may be termed comfortable circumstances enjoying a fair practice in his profession and owning property both real and personal, but, when the matrimonial troubles arose during his se'e *617 ond marriage, he began to lose ground, and it is not disputed that, when he died in 1915, he was almost penniless.
In the early part of 1900, he had his oldest son, Duke Hodge, emancipated and gave him $4,000 with the distinct understanding that this was in settlement of the rights of his three hoys by his first wife, for their mother’s portion in the community of his first marriage. Duke was to settle with the other two boys, his brothers, as they arrived at majority. Duke engaged with this money, or part of it, in the grocery business in the city of Alexandria, but sold out that business in December, 1900, and deposited the proceeds of that venture in bank. It was out of this money that the purchase price of the first properties acquired by Duke and Wesley was paid. The other son, Tobin R., who is a nominal defendant in this case and the youngest of the three boys born of the first marriage, did not receive any portion of this money, until several years later, when Duke and Wesley turned over to him $3,000 in full settlement for his share of that fund, which they had used and enjoyed. The evidence further shows that Duke and Wesley were hard working and thrifty, that they did manual labor and farmed, and by their exertion were able to attend schools of medicine and to become physicians, though they both subsequently abandoned that profession to engage in other pursuits for a livelihood.
The testimony upon which plaintiffs rely to establish their contention consists of statements and admissions claimed to have been made by J. Ford Hodge to Mrs. V. E. Ellis, his surviving sister, to Joe Ellis, his nephew, to Dr. B. L. Hodge, his brother, and to Tobin R. Hodge, his son. Such testimony, at best, is of little probative force, especially in a case of this kind, where the facts sought to be proved are neither supported by nor consonant with surrounding circumstances. J. Ford Hodge died a poor man, and this suit was filed more than four years after his death. The declarations and admissions upon which plaintiffs rely were known by the son, the brother, the sister, and nephew of the deceased, and it is not likely that these admissions remained unknown to plaintiffs for over four years. The deceased himself is not likely to have ended his days in dire poverty without making an effort to recover what was due to him, if his sons Duke and Wesley owed him the amounts claimed in this suit. On the other hand, it is shown by the testimony of Duke and Wesley that the property which they bought was paid for from their own funds, and there is nothing improbable as to the manner in which they acquired and earned these funds. We do not believe that plaintiffs have proved their alternative demand against the two real defendants in this case, Duke and Wesley J. Hodge. The proof which plaintiffs offer in support of their last demand for $2,000 against Duke and $3,800 against Wesley J. Hodge rests on still weaker foundation. The district court ignored and therefore refused this part of the plaintiffs’ demand, and, we believe, properly.
For these reasons, the judgment appealed from is avoided and reversed, and plaintiffs’ demand is rejected, at their costs.
Rehearing refused by Division- B, composed of Justices O’NIELL, HAND, and BAKER.