431 So.2d 817 (1983)
Isabel MITCHELL, Plaintiff-Appellee,
v.
Willie CLARK, Jr., et al., Defendants-Appellants.
No. 15175-CA.
Court of Appeal of Louisiana, Second Circuit.
May 3, 1983.
Walker, Feazel & Tooke by Barry G. Feazel and S. Judd Tooke, Shreveport, for defendants-appellants.
C. William Gerhardt, W. Orie Hunter, Jr., Clerk of Court, in pro. per., Shreveport, for plaintiff-appellee.
Before PRICE, HALL, MARVIN, JASPER E. JONES and FRED W. JONES, Jr., JJ.
MARVIN, Judge.
In this action between an aunt and her nephew, the defendant nephew appeals a judgment that orders record title to immovable property in his name, as the vendee in a 1958 deed, "transferred" by the clerk of court to the name of the aunt, who alleged and showed over the nephew's peremptory exception and objection, that she paid the vendor for the property and directed that *818 her nephew be named as the vendee in the 1958 deed.[*]
The issue is whether "testimonial proof" or parol evidence of the circumstances of the 1958 "purchase" and her continued possession and maintenance since that time should have been admitted.[1] Defendant's exception of no cause of action and his objection at the trial to parol evidence essentially assert that plaintiff cannot legally assail the 1958 authentic act without alleging fraud or error [La.CC 2276][2] and that plaintiff, who never owned the property, cannot create title in herself by parol evidence [La.CC Arts. 2440, 2275].[3] We reverse the judgment appealed and render judgment to sustain the exception of no cause of action. CC 2440.
The trial court recognized that a "long line of cases" such as Ceromi v. Harris, 187 La. 701, 175 So. 462 (1937), have held parol evidence inadmissible to create title in one who never owned the property or to show that the vendee was in reality some person other than the person named in the act of sale. The trial court admitted parol evidence and overruled the exception of no cause, however, reasoning that "the parol evidence rule does not bind parties who did not sign the authentic act."
This holding stems from the perhaps too broad language in Cosey v. Cosey, 376 So.2d 486 (La.1979), and the trial court's failure to recognize that the rule of the Ceromi-type cases is the rule of CC Art. 2440, while the rule of the Cosey-type cases is the rule of CC 2276, which admits of some exceptions. These rules, while often used together, should not be confused because they are conceptually different.
"Although the issues are separate, the Louisiana Supreme Court often discusses them together ... generally produc[ing] the same result, i.e., exclusion or non-exclusion of parol; however, the failure to distinguish the concepts may lead to incorrect results. * * *" 35 La.L.R. 779, fn 3 (1975)
The distinction was noted in Barbin v. Gaspard, 15 La.Ann. 539 (1860), when the 1825 Civil Code was in effect. Art. 2276 was then 2256 and Art. 2440 was then 2415. A's administratrix alleged and sought to show that A had purchased an immovable from B and had title placed in the name of C.
"[P]laintiff claims title ... by virtue of a sale, but is without any evidence in writing... and relies on testimonial proof to establish her demand.
"Evidence of this kind is insufficient to establish title ... The Civil Code declares that ... testimonial proof of it shall not be admitted. Art. 2415 [now 2440]

*819 "The plaintiff, however, seeks to bring her case within the provisions of Article 2255 [now 2276]
"... [I]t does not appear by any evidence recognized by law that [plaintiff's] ancestor ever had any title to the [immovable] in dispute.
"There is a great and material difference between the right to show fraud or simulation in the sale of immovable property... by the ancestor to the prejudice of... forced heirs, and the right to show title in the ancestor for the purpose of increasing the amount of assets belonging to his estate. The former right may, in a certain class of cases [such as Cosey-2276-type cases], be exercised; but the latter right [such as Ceromi-2440-type cases] never can be, without the consent of the defendant ..." 15 La.Ann. at pp. 539-540. Bracketed comments supplied.
Since the adoption of our Civil Code through Landry v. LeBlanc, 416 So.2d 247 (La.App. 3d Cir.1982), in circumstances such as are here presented, the rule has been that, except as provided in CC 2275, verbal or testimonial proof of title or an agreement affecting title to immovable property is simply not permitted. CC 2440.
"Both in Louisiana and at common law, statutes require transfers of immovable property to be in writing and therefore parol testimony may not be introduced to vary the terms of a written conveyance of real estate or to prove an oral agreement of sale. 29 Chas. II (1676); Arts. 2275, 2276, 2440, La.Civil Code of 1870. In Louisiana, the only situation in which the courts have allowed oral testimony to defeat the terms of a written sale of real estate is in an action for the rescission of a sale, when the vendor alleges that the conveyance was the result of error or fraud. LeBleu v. Savoie, 109 La. 680, 33 So. 729 (1903); Baker v. Baker, [209 La. 1041] 26 S.(2d) 132 (La.1946); see Cernich v. Cernich, [210 La. 421] 27 S.(2d) 266, 267 (La.1946).
"And the Louisiana Civil Code provides that a verbal conveyance of immovables may be proved only by confession under oath in answer to interrogatories, and, in those instances, only when there has been actual delivery. Arts. 2275, 2276, La.Civil Code of 1870.
"Pursuant to the codal provisions, the courts have consistently refused to admit parol proof of title in A, when A has purchased an immovable from B and has had the act of sale show that the vendee was C. Barbin v. Gaspard, 15 La.Ann. 539 (1860); Kunmengeiser v. Juncker, 28 La.Ann. 678 (1876); Hodge v. Hodge, 151 La. 612, 92 So. 134 (1922); Ceromi v. Harris, 187 La. 701, 175 So. 462 (1937).

"Similarly, when B, acting under a parol mandate to purchase immovables for A, purchases in his own name with A's funds, oral testimony has been held inadmissible to show title in A. Muggah v. Greig, 2 La. 593 (1831); Hackenburg v. Gartskamp, 30 La.Ann. 898 (1878); Hanby v. Texas Co., 140 La. 189, 72 So. 933 (1916); see Art. 2992, La. Civil Code of 1870. * * *" 21 T.L.R. 287-87 (1946). Emphasis and paragraphs supplied.
In recent years, a father has sued his daughter alleging that she, acting as his agent and with his money, had fraudulently purchased and placed immovable property in her own name. Scurto v. LeBlanc, 191 La. 136, 184 So. 567 (1938). A brother has sued his sister (Cernich, supra) and a son has sued his mother, (Ceromi, supra), each alleging that he paid the consideration for immovable property and had title placed in the female's name for some purpose. In each instance the plaintiff, who was not in the chain of title or a forced heir or spouse of one in the chain, was seeking to establish title in himself by testimonial proof. In each instance, either or both an exception of no cause of action and the objection to CC 2440 parol evidence in support of the allegations of the respective plaintiff was sustained.
The Civil Code distinction was not clearly expressed, but is further illustrated by these statements from Scurto, supra:
"It is axiomatic ... that parol evidence is inadmissible ... to show that the vendee was in reality some other person *820 than the person named in the act of sale * * *
"The rule finds no exception in the case of purchase of real estate by an agent with funds alleged to have belonged to his principal * * *
"The rule finds its only relaxation * * where the owner of real estate is influenced by fraud or error to vest his title in another ... for the purpose of enabling a party to recover his immovable property or of showing the real agreement between the parties * * *
"But parol evidence is not admissible to show that in a sale of real estate the vendee named in the act was not the real vendee, but that another person was. * * *" 184 So. at 570-573. Emphasis supplied.
Hodge, supra, also recognized the distinction:
"It has long ago been recognized, and the rule ... firmly established ... that though parol evidence is admissible where fraud or error is charged to show that a sale is not real and that the immovable property still belongs to the pretended vendor, it is under no circumstance admissible... to show that the vendee was in reality some other person than the person named in the sale." 92 So. at p. 135. Emphasis supplied.
While some exceptions to the CC 2276 rule have been created by statute[4] and by a particular case determining whether the proferred parol is "against or beyond what is contained in the act",[5] no exception has been created to the CC 2440 rule that testimonial proof of title to immovable property is not permitted by one who is not in the chain of record title or a forced heir or spouse of one who is in the chain.
Cosey falls into the category of cases where exceptions to the CC 2276 rule have been recognized and does not govern the circumstances here presented. The CC 2440 rule applies to these circumstances and not to the Cosey circumstances. Cosey entered into a bond for deed contract in 1945 that was never recorded. He paid the last payment due on the contract in 1961, divorced his first wife and married a second wife in 1962. Later in 1962 the property under the bond for deed contract was deeded to vendees named as Cosey and his second wife and showed them as being married but once and living together. Cosey's first wife died in 1964 and Cosey died in 1976. Cosey's son, as administrator of his estate, sued the second wife to have the property declared to have belonged to Cosey's first community. The second wife objected to parol evidence.
On rehearing, the court was quick to point out that Cosey was illiterate and did not acquiesce in the arguable implication that he was donating an interest to his second wife, that the second wife made no contribution whatever toward acquisition of the property, and that she received her "interest" through error. Cosey's son, as the forced heir of Cosey and as the administrator of his estate, was asserting Cosey's rights as a co-vendee of ostensible community property over the share in that property, if any, of the second wife.
The Cosey result could have been decided more precisely on one or more of the recognized exceptions to the CC 2276 rule.[6]Cosey did not squarely consider the issue whether A, who is not dealing with community property and who is not named as a co-vendee, by testimonial proof can establish title in her name to immovable property by showing that she paid for the property and had it placed in C's name for some purpose. This issue, which actually arises under the CC 2440 rule, has been squarely presented in many of the cases cited herein in circumstances that cannot be materially distinguished from those in this appeal. *821 These cases have consistently decided that parol evidence (testimonial proof) is not permitted. CC 2440. Hodge, Ceromi, Scurto, Cernich, supra.
Cosey did not overrule these cases and should be limited to its own facts as one of the recognized exceptions to the CC 2276 rule. Cosey could not and did not repeal Art. 2440 of the Civil Code.
The judgment appealed is reversed. The defendant's exception of no cause of action is sustained, and plaintiff is ordered to file an amended petition in the district court asserting an amended cause of action within 15 days from the date this opinion becomes final or suffer dismissal of her demand. All costs here and in the trial court are assessed against plaintiff.
REVERSED, RENDERED, and REMANDED.
JASPER E. JONES, J., dissents with written reasons.
JASPER E. JONES, Judge, dissenting.
Isabel Mitchell brought this action to have the Caddo Parish Clerk of Court ordered to transfer the record ownership of certain immovable property from defendant, Willie Clark, Jr., to her.[1] After a trial on the merits the district judge rendered judgment ordering the property transferred into plaintiff's name. Clark took this appeal.
The undisputed testimony of the plaintiff, Isabel Mitchell, establishes the facts set out below.
In 1958 Mitchell purchased for her home the property in question from Harriet Holmes. Mitchell desired that defendant Clark, her nephew who lived in Georgia, receive the property upon her demise and to achieve this purpose she had the deed from Holmes prepared to show the vendee as Willie Clark.
The deed, prepared as Mitchell had directed, was executed by Holmes in Jackson County, Missouri, before a notary and two witnesses.[2] The deed was not signed by either Mitchell or Clark. Further, Mitchell never told her nephew of the arrangement.
Mitchell began living on the property in 1958 and lived there alone until 1981 when Clark retired and moved back to Shreveport and began living with plaintiff. Clark somehow then learned that the property was in his name. Clark moved from the property after Mitchell obtained information indicating that Clark was going to evict her.
Mitchell brought this action and Clark interposed an exception of no cause of action which was overruled. Mitchell was the only witness who testified at trial and was allowed to testify contrary to the deed over defendant's objections.[3]
The trial judge found that parol evidence was admissible because neither Mitchell nor Clark had signed the questioned deed. He rendered judgment transferring the property described in the deed to Mitchell. Clark then took this appeal.
Clark makes two assignments of error. He contends the district judge erred in:
1) overruling his exception of no cause of action based on grounds that, as the petition does not allege fraud, error or any other basis for the admission of parol evidence, the terms of the deed could not be varied; and
2) allowing the introduction of parol evidence at trial over his objection.
These assignments each raise the same issue, may one who has not alleged fraud or error introduce parol evidence to vary the terms of a deed which he did not sign and to which he is not a party.
*822 Appellant relies on the rule that parol evidence is inadmissible to create title in one who never owned immovable property or to show that the vendee was in reality some person other than that named in the act of sale. Appellant cites many cases which support this rule including: Hodge v. Hodge, 151 La. 612, 92 So. 134 (1922); Ceromi v. Harris, 187 La. 701, 175 So. 462 (1937); Haney v. Dunn, 96 So.2d 243 (La.App. 1st Cir.1957); Wright v. Wright, 346 So.2d 1293 (La.App. 3d Cir.1977).
Appellee relies on the case of Cosey v. Cosey, 376 So.2d 486 (La.1979), for the proposition that parties who did not sign an instrument are not barred by the parol evidence exclusionary rule.
Appellant argues that Cosey, at best, creates only an extremely narrow exception to the parol evidence rule which is not applicable here. Clark reads Cosey to except only persons named in an instrument, but not signers thereof, from the parol evidence rule. Thus, Clark argues that he would not be bound by the parol evidence exclusionary rule under Cosey but that Mitchell is still subject to that rule.
A review of Cosey is appropriate here. Cosey involved a contest over a tract of land. The plaintiff, Sidney Cosey, Jr., was the only child and sole heir of Sidney Cosey, Sr. The defendant was Lillian Cosey, Sidney, Sr.'s second wife.
The land was paid for pursuant to an unrecorded bond for deed contract during the marriage of Sidney, Jr.'s parents. However, the act of sale transferring the property was not executed until after Sidney, Jr.'s parents had divorced and Sidney, Sr., had married Lillian. The act of sale conveyed the property to "Sidney and Lillian Cosey once married and living together."
Sidney, Jr., sought to attack the act of sale, under which Lillian gained title to one-half of the land through the use of parol evidence. On original hearing the supreme court held the attack on the act of sale was barred by the public records doctrine and the parol evidence rule citing, among others, the cases of Ceromi and Haney relied on by appellant.
Rehearing was granted and the supreme court then observed:
"Because the deed from the Cates Estate is not signed by Sidney or Lillian it is not their authentic act, La. Civil Code art. 2234, or their act under private signature, La. Civil Code art. 2235. The parol evidence exclusionary rule, therefore, cannot be invoked against them. La. Civil Code arts. 2236, 2238 and 2276." 376 So.2d 491.
The court on rehearing also found error in the preparation of the act of sale.
Cosey held parol evidence admissible to take title from Lillian and put it in Cosey's first wife.
I do not think that the quoted language from Cosey can be dismissed as "perhaps too broad" or read in the extremely restrictive manner advocated by appellant in view of the language used and the failure of the supreme court to adhere to its original opinion which rested heavily on the parol evidence exclusionary rule as relied on by appellant and the majority. I believe the rule of Cosey is that one is not subject to the parol evidence exclusionary rule unless he signed the document in question.
As I regard it, the purpose of the parole evidence rule is to prevent one who has represented, by making a private act, or sworn, by making an authentic act, that his agreement is as written from contradicting that representation absent some vice of consent. To allow one who has signed the writing to give parole evidence, in the absence of some vice of consent, is to invite and encourage him to impeach himself by making inconsistent statements.
To apply the parol evidence rule to one who has not signed the contested document would have a very different effect. One who has not signed a document has made no representation as to the truth or accuracy of the writing. To bar such a person's evidence is not to prevent repetitive or contradictory statements. Instead, it is to bar him from ever making any statement at all.
The proposition that the parol evidence rule is inapplicable to third parties was not *823 born with Cosey, indeed it has been long and well established in our jurisprudence. Finley v. Bogan, 20 La.Ann. 443 (1868); Commercial Germania Trust & Savings Bank v. White, 145 La. 54, 81 So. 753 (1919); W.K. Henderson Iron Works & Supply Co. v. Jeffries, 159 La. 620, 105 So. 792 (1925); Smith v. Chappell, 177 La. 311, 148 So. 242 (1933); Resweber v. Jacob, 125 So.2d 241 (La.App. 3d Cir.1960); Chenevert v. Lemoine, 161 So.2d 85 (La.App. 3d Cir.1964), writ refused, 245 La. 1076, 162 So.2d 572 (1964); Hobbs v. Central Equipment Rentals, Inc., 382 So.2d 238 (La.App. 3d Cir. 1980), writ denied, 385 So.2d 785 (La.1980).
In the case of Commercial Germania Trust & Savings Bank v. White, supra, the court explaining this exception to the parol evidence exclusionary rule stated: "... And the reason why third persons, or strangers, to the act are allowed to use parol in such cases, is not because of the allegation of fraud, but because of these third parties being strangers to the act, and therefore not bound by its recitals. It is only as between the parties to the act that an allegation of fraud or error is necessary for opening the door to the introduction of parol." 81 So. 755.
Even parties to contracts have been allowed to use parol evidence to show that though in one form the contracts were intended to have some other effect. See Wang & Cottam v. Finnerty, 32 La.Ann. 94 (La.1880); Marbury v. Colbert, 105 La. 467, 29 So. 871 (1901); Ford v. Parsons, 142 La. 1093, 78 So. 128 (1918) (sales shown to be intended as security devices). The parol evidence here produced by Mitchell was for the purpose of establishing that the deed to Clark was intended to be a donation by Mitchell to Clark.
Mitchell did not sign the deed in question and is not even mentioned therein. She is a third person and the parol evidence exclusionary rule is inapplicable.
The uncontradicted testimony of the plaintiff establishes that she, through the deed, attempted to make a donation of immovable property to her nephew to take effect upon her death.
Donations must be made in the forms established by law. Bordelon v. Brown, 84 So.2d 867 (La.App. 2d Cir.1956).
The inter vivos donation of immovable property must be made by authentic act. LSA-C.C. art. 1536.
The deed is not an authentic act by Mitchell and the attempted donation is invalid for want of proper form.
As a donation during the donor's life to take effect upon her death the attempted donation is an invalid donation causa mortis, Succession of Delaune, 138 So.2d 41 (La.App. 1st Cir.1962); Succession of Simpson, 311 So.2d 67 (La.App. 2d Cir.1975), writ refused, 313 So.2d 839 (La.1975), and the judgment of the district court should be affirmed.
It must be emphasized that this is not a case involving the public records doctrine. No innocent third party has relied on the deed. This is a contest between a party whose faults are nothing more than generosity and ignorance and a party whose defining characteristic seems to be avarice.
The most disturbing element of this case is not that the majority chooses to ignore recent supreme court precedent as "perhaps too broad" nor that the majority commits error in applying inapplicable law. The tragedy and most disturbing element of this case is its injustice.
The result of the majority's misapplication of the parol evidence exclusionary rule is, to say to Isabel MitchellWe shall not hear the truth because to do so might deprive Willie Clark of a windfall.
Had Mitchell's action harmed an innocent third party who had acted on the public records the case would be different and the innocent would be protected by the public records doctrine. However, in the actual case no innocent would suffer a loss because there would be no loss. The only effect of granting the relief sought by Mitchell will be to deny Clark an unearned bonanza at her expense.
The majority's decision by incorrectly applying the parol evidence exclusionary rule *824 makes possible Clark's misappropriation. From this I must dissent.
NOTES
[*] On original hearing, one judge of the three-judge panel dissented to a reversal of the trial court. A five-judge panel was constituted to hear the reargument of the appeal as required by LSA-Const. Art. 5, § 8.
[1] The clerk of court was made a co-defendant. Plaintiff alleged and showed that she paid the vendor $1,200 for the house and lot and had the title placed in the name of defendant because she wanted to live there and wanted her nephew to have the property when she died; that this "transfer" of the property was not valid as a donation; and that the clerk of court should put the property in her name because defendant had learned in 1981 that the property was in his name and had demanded to live there. She prayed that the clerk of court be ordered to "transfer the record owner's name" from her nephew to her.
[2] CC 2276 reads:

"Neither shall parol evidence be admitted against or beyond what is contained in the acts, nor on what may have been said before, or at the time of making them, or since."
[3] CC 2440 reads:

"All sales of immovable property shall be made by authentic act or under private signature.
"Except as provided in article 2275, every verbal sale of immovables shall be null, as well for third persons as for the contracting parties themselves, and the testimonial proof of it shall not be admitted."
CC 2275 reads:
"Every transfer of immovable property must be in writing; but if a verbal sale, or other disposition of such property, be made, it shall be good against the vendor, as well as against the vendee, who confesses it when interrogated on oath, provided actual delivery has been made of the immovable property thus sold."
[4] Act 5 of 1884 amending CC Art. 2239.
[5] See 35 La.L.R. 779 (1975).
[6] See cases cited in 35 La.L.R. 779-799. Neither the original nor the rehearing opinion in Cosey discussed the distinction in the concept of CC 2440 and of CC 2276, although cases referring to both rules were cited. The rehearing opinion cited CC Arts. 2236, 2238, 2276, 2301, and 2312.
[1] Orie W. Hunter, Caddo Parish Clerk of Court, was also made a defendant in this matter.
[2] The deed was recorded in the conveyance records of Caddo Parish in Book 839 at Page 729.
[3] The business records of Caddo Parish Abstract Company (the successor to the company that handled the transaction for Mitchell) were admitted over defendant's objections and these records fully corroborate plaintiff's testimony that she purchased the property and instructed that the deed be prepared reflecting Clark as the vendee.