448 So.2d 681 (1984)
Isabel MITCHELL
v.
Willie CLARK, Jr. et al.
No. 83-C-1204.
Supreme Court of Louisiana.
February 27, 1984.
Rehearing Denied March 23, 1984.
*683 C. William Gerhardt, Shreveport, for applicant.
Barry G. Feazel, S. Judd Tooke, Walker, Feazel & Tooke, Shreveport, for respondents.
W. Orie Hunter, Jr., in pro. per.
DIXON, Chief Justice.
Isabel Mitchell brought this suit against Willie Clark, Jr., her nephew, and W. Orie Hunter, Jr., Clerk of Court of Caddo Parish, to have Hunter directed to change the conveyance records to show Mitchell as the owner of a piece of immovable property instead of Clark, as the record now appears.[1] Mitchell alleges that she is the true owner of the property and has been since its purchase from Harriet Holmes in 1958.
Over defendant's pretrial exception and objection at trial, the trial judge admitted evidence pertaining to Mitchell's ownership of the property. Following Cosey v. Cosey, 376 So.2d 486 (La.1979), the trial judge held that neither Mitchell nor Clark were bound by the authentic act transferring the property because neither had signed that authentic act, and found that Mitchell had paid the purchase price for the home and had paid the taxes and all other costs relating to the property. He ordered the clerk to transfer the property into Mitchell's name.
The court of appeal reversed, sustaining the defendant's exception of no cause of action, and held that parol evidence was not admissible to prove Mitchell's title.
Isabel Mitchell negotiated with Holmes (who lived in Kansas City) for the purchase of a piece of immovable property located at 1718 Rex Street, Shreveport, Louisiana. She presented the sum of $1200.00 cash to an agent of Holmes as the purchase price, and specifically stipulated that Willie Clark be named the vendee.
Holmes, acting on Mitchell's instructions, executed a deed in authentic form conveying the property to Willie Clark, a single man who lived in Atlanta, Georgia. Neither Clark nor Mitchell signed the authentic act. Clark did not even know of the transaction. The deed was recorded in the Caddo Parish Conveyance Records on July 9, 1958.
Since that sale, Mitchell has paid all expenses related to ownership of the home, has made improvements to the home and has lived in the same as her own. Clark did not learn that he was the beneficiary of this sale until some time in 1981. It was then that he sought to occupy the home as owner, prompting this action by the plaintiff.
In response to Mitchell's petition to have the vendee's name changed from Clark's to hers, Clark filed an exception of no cause of action. He stated that Mitchell's petition failed to allege any fraud, error or counter letter which would permit parol evidence to be adduced at trial in attacking an authentic act. He argued that Mitchell was precluded from offering parol evidence to create title in one who never owned the land, and that she had no case without the parol. The exception was overruled.
The defendant did not appear at trial, but was represented by counsel. He objected *684 to the admission of parol evidence, but the objection was overruled. The judge treated the defendant's absence at trial, and consequent failure to testify, as a confession under oath that the allegations of the plaintiff's petition were true. Because a verbal sale of an immovable is recognized when confessed under oath, provided actual delivery has been made (C.C. 2275),[2] the trial judge recognized Mitchell as the true vendee and ordered Hunter to transfer the property into her name.
When a witness known to the defendant in a civil proceeding is not called by the defendant to testify, our courts have inferred or presumed that the witness would not have testified in favor of the defendant. Bates v. Blitz, 205 La. 536, 547, 17 So.2d 816, 820 (1944). The trial judge was allowed to presume, by the defendant's absence, that his testimony would not support his own case, but he was in error to give this rebuttable presumption the effect of a judicial confession. Crawford v. Deshotels, 359 So.2d 118, 122 (La. 1978).
Clark took a devolutive appeal. A five judge panel, with one judge dissenting, reversed and sustained the exception of no cause of action. Mitchell v. Clark, 431 So.2d 817 (La.App.1983). The court of appeal was convinced that parol evidence should not be admitted to prove title in one who never had title. It quoted Barbin v. Gaspard, 15 La.Ann. 539, 540 (1860): "... plaintiff claims title ... by virtue of a sale, but is without any evidence in writing, ... and relies on testimonial proof to establish her demand. Evidence of this kind is insufficient to establish title ..."
Mitchell then sought review by this court.
The trial judge correctly denied Clark's exception of no cause of action, and correctly permitted Mitchell to produce whatever documents that might support her position. Mitchell was a party to the transaction that resulted in naming Clark the vendee of the Rex Street property, but Mitchell was not a party to the authentic act by which the property was actually transferred. Clark was a party neither to the transaction nor the act. Written evidence, therefore, was admissible.
But the trial judge should not have permitted the oral or testimonial proof of any facts relating to the land purchase because this litigation concerns the ownership of an immovable whose sale was effected by a written act. No mutual error in the description of lands is claimed. Nor is this an action by a vendor who alleges fraud or error, or by an heir or a creditor who argues that no sale has taken place and that the property remains in the vendor's estate.
By paying the purchase price, Mitchell had a right to demand that a deed translative of title be executed in her favor; she chose, instead, to have the property transferred to her nephew. The property was conveyed in accordance with the plaintiff's instructions. She brings this action not based on error, but based on a change of mind.
Mitchell contends that when she paid the purchase price, she intended that Clark have the property only after her death. She had the property put into Clark's name to ensure that he received it without the expense and bother of succession proceedings. "A gift during the life of the donor, not to take effect until after the death of the donor and not in the proper form for a donation mortis causa, is a donation causa mortis reprobated by the law of this state." Succession of Simpson, 311 So.2d 67, 73 (La.App.1975), writ denied, 313 So.2d 839 (La.1975); Succession of Sinnott v. Hibernia National Bank, 105 La. 705, 715, 30 So. 233, 238 (1901); see C.C. 1467, 1469, 1570.
*685 Both lower courts were correct in determining that Mitchell's gift was not in proper form to have its desired effect. It lacked the formality required of a donation of an immovable inter vivos, and was the reprobated donation causa mortis not honored under our law. C.C. 1467. Mitchell's intention, to own the property during her lifetime and then convey it automatically by her death, could not be satisfied.
In two separate articles the Civil Code requires a writing to transfer immovable property. "Every transfer of immovable property must be in writing..." C.C. 2275. "All sales of immovable property shall be made by authentic act or under private signature." C.C. 2440. The writing provides reliable evidence of the parties' consent. It provides certainty and diminishes the possibility of fraud. 35 La. L.Rev. 779 (1975).
However, in the absence of a writing, a verbal sale of an immovable is effective if the delivery has been made and if the sale is confessed by the contesting parties under oath. C.C. 2275; Barbin v. Gaspard, supra. The answers of a party when interrogated under oath supply the place of written proof. Wright-Blodgett Co. v. Elms, 106 La. 150, 30 So. 311 (1901).
Louisiana courts have admitted parol evidence to show error in the description of lands when, because of accident or negligence, the instrument does not express the meaning and intention of the contracting parties. Agurs v. Holt, 232 La. 1026, 95 So.2d 644 (1957); Palangue v. Guesnon, 15 La. 311 (1840). "The reception of parol evidence to establish a clerical error, ... is no infringement of the rule which demands that title to real estate be evidenced in writing only." Levy v. Ward, 33 La.Ann. 1033, 1035 (1881).
That action, sometimes called an action for reformation of a deed, seeks to correct the mutual error or mistake that occurred in the preparation of the instrument. The property description is changed to describe the property which the vendor intended to sell and which the vendee intended to purchase. Brulatour v. Teche Sugar Co., 209 La. 717, 25 So.2d 444 (1946); Waller v. Colvin, 151 La. 765, 92 So. 328 (1922).
Parol evidence is admissible to invalidate a sale when the vendor was induced to sell by fraud or error. Baker v. Baker, 209 La. 1041, 26 So.2d 132 (1946); LeBleu v. Savoie, 109 La. 680, 33 So. 729 (1903). It is also admissible to show that a sale did not take place, and that the property continues to belong to the pretended vendor. Hodge v. Hodge, 151 La. 612, 92 So. 134 (1922).
Parol evidence can be used by a creditor to bring back into the estate of the debtor property which the debtor has fraudulently transferred, as in a revocatory action. C.C. 1970. It may be used by forced heirs to annul simulated contracts of those from whom they inherit. C.C. 2239.
However, parol "... is insufficient to create a title in one who never owned the property or to show that the vendee was in reality some other person than the person named in the act of sale." Scurto v. LeBlanc, 191 La. 136, 184 So. 567 (1938); Ceromi v. Harris, 187 La. 701, 706, 175 So. 462, 464 (1937). This rule applies whether the party proffering the parol is an heir of the alleged vendee, Eberle v. Eberle, 161 La. 313, 317, 108 So. 549, 551 (1926), or a creditor of the alleged vendee, Hoffmann v. Ackermann, 110 La. 1070, 1076, 35 So. 293, 295 (1903).
It is the policy of this state that acts appearing to transfer immovable property be read and interpreted from the face of the instrument. "... there would be no security whatsoever for purchasers of real estate, if they were not entitled to rely upon the title deeds to such property, as being exactly what they purport to be." Beard v. Nunn, 172 La. 155, 159, 133 So. 429, 430 (1931).
"The courts have been unwilling to throw themselves open to a potential contest of veracities every time property is sold." 29 Tul.L.Rev. 29 (1954). "What the plaintiff alleges may be true; yet it is far better that he suffer the penalty of his own *686 negligence than that the door to fraud and perjury be thrown open and titles to real estate be rendered insecure." Hackenburg v. Gartskamp, 30 La.Ann. 898, 901 (1878).
As with any other writing, "... where a party to an authentic act alleges that he executed it through fraud or error, he is permitted to introduce parol testimony to support such allegations." Unity Industrial Life Ins. Co. v. Dejoie, 202 La. 249, 260-61, 11 So.2d 546, 549 (1942).
But an authentic act only binds parties to the act and their representatives in suits between the parties or their representatives. Smith v. Chappell, 177 La. 311, 148 So. 242 (1933). "In any controversy, therefore, between a party to the act and a stranger, the party to the act is as free to avail himself of parol evidence for contradicting or varying the act as the stranger is...." Commercial Germania Trust & Savings Bank v. White, 145 La. 54, 58, 81 So. 753, 755 (1919).
In Cosey v. Cosey, supra, Sidney Cosey entered into a bond for deed contract during the existence of his first marriage for the purchase of immovable property. His last payment for that property was made during that marriage, but the act of sale was executed and recorded only after Cosey had divorced and remarried. During this second marriage the vendor transferred title, naming Cosey and his second wife as vendees.
After Cosey's death, plaintiff, a child of the first marriage and sole heir of Cosey, sought a judgment decreeing that the property belonged to the community previously existing between his parents and belonged to him alone. The trial judge held that the second wife was to return the property, since she had been unjustly enriched. The court of appeal reversed, finding that the property was a part of the second community. On rehearing, this court reversed and held that Cosey and his first wife had owned the property, and that the second wife, the named vendee, owned no interest in it.
Neither the plaintiff nor the defendant in Cosey had signed the authentic act transferring the property, so neither was bound by it, and either could introduce evidence to refute it. However, because the authentic act effected the transfer of immovable property, only written evidence was admissible to prove any rights with respect to the property. C.C. 2276: "Neither shall parol evidence be admitted against or beyond what is contained in the acts, nor on what may have been said before, or at the time of making them, or since."
The plaintiff in Cosey, using written evidence only, showed that the property in question had been paid for in full during the existence of the community between his parents. He did not show, however, that title to the property was transferred during the marriage, or that his mother was ever a title holder of that property.
Because the plaintiff was able to substantiate his case with written evidence receipts for payment, marriage and birth certificates, and a dated letter acknowledging payment in fullthe rule excluding parol (oral) evidence was inapplicable in the Cosey case. Cosey is distinguishable from the case now before us: (1) the land had been paid for, and the right to the deed had been acquired during the first community; (2) plaintiff Cosey was a forced heir (as noted in footnote 1 at 376 So.2d 489) and was entitled to attack what can be analogized to a "simulated contract" (C.C. 2239) of his father.
The admissible evidence in this case establishes that Mitchell paid Holmes for the lot, and that Holmes followed Mitchell's instructions and executed a deed to Clark. The inadmissible evidence establishes that Mitchell's intentionto make a gift of immovables to take effect upon Mitchell's deathcould not be accomplished in the way attempted.[3]
*687 We cannot give relief to the plaintiff without abrogating the consistent rule of property that excludes parol evidence to prove that one not named in the deed is the real vendee.
The judgment of the court of appeal is amended and, as amended, affirmed, and there is now judgment in favor of defendants, Willie Clark, Jr. and W. Orie Hunter, Jr., dismissing plaintiff's suit at her cost.
LEMMON, J., dissents.
NOTES
[1] The relevant portions of the petition are:

"2. On July 5, 1958, the plaintiff paid cash to Mrs. Harriett Holmes, for the conveyance of certain immovable property in Caddo Parish, Louisiana; it was plaintiff's desire and intent when purchasing said property to place it in the name of the defendant, WILLIE CLARK, JR., to herself live in the property until her death and have the property go to the said WILLIE CLARK, JR., upon her death; accordingly, the property was transferred into the name "Willie Clark" by deed which is recorded at Book 839, Page 729 of the Conveyance Records of Caddo Parish, Louisiana; a copy of said deed is attached hereto and made a part hereof by reference.
3. Since said purchase, the plaintiff has paid all expenses related to the home located at the property referred to in Paragraph 2 above and has even added improvements to said home, living there since that time.
4. The said defendant, WILLIE CLARK, JR., did not learn of the home being placed in his name until 1981. At that time, he made demands upon the plaintiff to allow him to live there, which demands were rejected and he was refused access to said home."
[2] "Every transfer of immovable property must be in writing; but if a verbal sale, or other disposition of such property, be made, it shall be good against the vendor, as well as against the vendee, who confesses it when interrogated on oath, provided actual delivery has been made of the immovable property thus sold." C.C. 2275.
[3] It could have been argued that Mitchell accomplished a stipulation pour autrui in favor of Clark which became irrevocable when Clark sought to occupy the house as owner. However, such a holding is not essential to a decision ending the case. The difficulty with this case as it stands (we approve what amounts to a donation mortis causa in a "form ... abrogated" by C.C. 1570) would not be dissolved.

Under C.C. 1890. "... any person may buy for another, and the person in whose favor the purchase is made may avail himself of it, if he pleases." Smith v. Kemper, 4 Mart. (O.S.) 409, 442 (La.1816). The stipulation by Mitchell was in writing, and clearly expressed the intent that Clark should benefit. Fontenot v. Marquette Casualty Co., 258 La. 671, 247 So.2d 572 (1971).
It is of no consequence that Clark did not sign the act of sale. "... The acceptance of a contract need not be expressed in it, nor is it indispensable that the act be signed by the party in whose favor it is made. The acceptance may result from his acts in availing himself of its stipulations, or in doing something which clearly indicates his acceptance...." Balch v. Young, 23 La.Ann. 272, 272-3 (1871). Clark's intent to occupy the house as his own could serve as acceptance of the contract in his favor.
Nor is it of consequence that Clark was not aware of the stipulation in his favor for twenty-eight years. "The law does not provide for an express acceptance of or consent to a stipulation pour autrui by the beneficiary, nor does it prescribe any particular form ... The law does not stipulate a time in which the assent ... should be made to appear ..." First State Bank v. Burton, 225 La. 537, 549-50, 73 So.2d 453, 457 (1954).
Once Clark learned of and accepted the stipulation in his favor, he could argue that the stipulation could no longer be revoked. C.C. 1890. "The third party beneficiary's right arises immediately upon execution of the contract, and express consent is only necessary to prevent revocation." Merco Manufacturing, Inc. v. J.P. McMichael Construction Co., 372 F.Supp. 967, 973 (W.D.La.1974). "Stipulations in favor of third persons ... are favored in our law...." Andrepont v. Acadia Drilling Co., 255 La. 347, 357, 231 So.2d 347, 350 (1969).